# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH STONEHOCKER, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>KINDRED HEALTHCARE OPERATING, LLC and DOES 1-25,<br><br>Defendants. | **Case No.: 4:19-cv-02494-YGR**<br><br>**MODIFIED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER APPROVING PAGA SETTLEMENT**<br><br>Dkt. No. 56<br><br>Date:     November 10, 2020<br>Time:     2:00 p.m.<br>Judge:   Hon. Yvonne Gonzalez Rogers<br>Dept.:   Courtroom 1, Fourth Floor<br><br>Complaint Filed: February 14, 2019<br>(San Francisco Superior Court) |

Plaintiff has filed a Motion for Preliminary Approval of the Class Action Settlement and Approval of the PAGA Settlement reached with Defendants Kindred Healthcare Operating, LLC, Kindred Rehab Services, LLC, Kindred Rehab Services, Inc., RehabCare Group East, LLC, RehabCare Group East, Inc., American VitalCare, LLC, and RehabCare Group of California, LLC.  On November 10, 2020, the Court held a hearing on the Motion.  The Court has carefully considered the Joint Stipulation and Class and Representative Action Settlement Agreement and Release ("Settlement Agreement") together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case.  The Court hereby gives its preliminary approval of the Class Settlement and its approval of the PAGA Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of notice of the Settlement to the Class Members and PAGA Releasees and to hold a final approval hearing on the Class Settlement; orders the Class Notice be sent to the Class Members and PAGA Releasees in accordance with the Settlement Agreement and this Order; and schedules a final approval hearing to determine whether the proposed Class Settlement is fair, adequate and reasonable.

**IT IS HEREBY ORDERED:**

1.   The Court has reviewed and considered the Settlement Agreement which is attached hereto as Exhibit 1 and incorporated herein.

2.   The Court finds that the terms of the Class Settlement preliminarily appears to be fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Class, when balanced against the probable outcome of further litigation, given the risks relating to liability and damages.  It further appears that investigation and research has been conducted such that counsel for the Parties are reasonably able to evaluate their respective positions.  It further appears to the Court that the Settlement will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the Action, and that it will provide substantial benefits to the Class going forward.  It further appears that the

Settlement treats Class Members equitably relative to each other. It appears that the Settlement has been reached as a result of intensive, arm's-length negotiations utilizing an experienced third-party neutral mediator. The parties have not identified any agreements required to be identified under Rule 23(e)(3) other than the Settlement Agreement here. The Court further takes into account the effectiveness of any proposed method of distributing relief to the Class as well as the terms of any proposed award of attorney's fees, including timing of payment. As discussed during the hearing, the Court generally awards the Ninth Circuit benchmark with respect to attorney's fees. Any additional amount will need to be justified. Defendants will pay the Gross Settlement Fund of $1,995,000 on a non-reversionary basis (unless the number of Class Members opting out exceeds 20, in which case Defendants have the sole and absolute discretion to rescind/void the Settlement Agreement within 20 days after receiving from the Settlement Administrator the final list of opt-outs). Class Members are not required to submit claims to receive settlement benefits. Defendants shall pay the employer's share of payroll taxes on the portion of settlement benefits allocated to wages separately from the Gross Settlement Fund.

3. The Court conditionally certifies, for settlement purposes only, the following Class: "All persons who are or were employed by one or more Defendants as non-exempt Skilled Clinicians to work at a skilled nursing facility in California at any time from February 14, 2015 through September 1, 2020." The term "Skilled Clinicians" means all individuals who have held one or more positions included in the job title list in Exhibit A of the Settlement Agreement.

4. For settlement purposes only, the Court appoints Plaintiff Sarah Stonehocker as representative of the Class.

5. For settlement purposes only, the Court designates as Class Counsel Matthew D. Carlson of the Law Office of Matthew D. Carlson. The Court preliminarily finds that, based on the work Class Counsel has done identifying, investigating, and prosecuting the claims in

2

this action; Class Counsel's experience in handling class actions and claims; Class Counsel's knowledge of the applicable law; and the resources Class Counsel has and will commit to representing the class, that Class Counsel has represented and will represent the interests of the Class fairly and adequately.

6. Simpluris, Inc. is appointed as the Settlement Administrator and shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.  Total settlement administration costs are estimated to not exceed $22,500.

7. The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **January 5, 2021**.  A declaration from the Settlement Administrator demonstrating distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.  Defendants are directed to provide to the Settlement Administrator the Class Members' contact data as specified by the Settlement Agreement no later than **December 21, 2020**.

8. The Court hereby conditionally certifies the proposed Class and conditionally finds that, solely for the purposes of approving this Class Settlement and for no other purpose and with no other effect on this litigation, the proposed Class meets the requirement for certification under Rule 23(a) of the Federal Rules of Civil Procedure including that: (a) the proposed Class is sufficiently numerous so that joinder of all members is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the Named Plaintiff's claims are typical of the claims of the proposed Settlement Class; and (d) the Named Plaintiff and her Counsel will fairly and adequately protect the interests of the proposed Class. Additionally, the Court finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the proposed Class meets the requirement for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure including that: (a) questions of law or fact common to proposed Class Members predominate over any questions affecting individual

1    members of the proposed Class; and (b) a class action is superior to other available

2    methods for fairly and efficiently adjudicating the controversy.

3    9.    "[T]here is no requirement that the Court certify a PAGA claim for representative

4    treatment like in Rule 23 . . . ." *Villalobos v. Calandri Sonrise Farm LP*, No. 12-CV-2615

5    (PSG), 2015 WL 12732709, at *5 (C.D. Cal. July 22, 2015); *see also Delgado v.*

6    *Marketsource, Inc.*, No. 17-CV-7370 (LHK), 2019 WL 4059850, at *3 (N.D. Cal. Aug.

7    28, 2019) ("Because a PAGA action is brought as a proxy for law enforcement agencies,

8    'there is no requirement that the Court certify a PAGA claim for representative treatment

9    like in Rule 23 . . . .'" (quoting *Villalobos*, 2015 WL 12732709, at *5)).  With respect to

10   the PAGA claims, the Court finds persuasive that the California Labor & Workforce

11   Development Agency ("LWDA") was invited to file a response to the proposed settlement

12   agreement in this case and elected not to file any objections or opposition, and "infers

13   LWDA's non-response [as] tantamount to its consent to the proposed settlement terms,

14   namely the proposed PAGA penalty amount." *Echavez v. Abercrombie & Fitch Co., Inc.*,

15   No. 11-CV-9754 (GAF), 2017 WL 3669607, at *9 (C.D. Cal. Mar. 23, 2017); *Jennings v.*

16   *Open Door Mktg.*, No. 15-CV-4080 (KAW), 2018 WL 4773057, at *9 (N.D. Cal. Oct. 3,

17   2018) ("Plaintiffs submitted the settlement agreement to the LWDA, and the LWDA has

18   not objected to the settlement."); *Jordan v. NCI Group, Inc.*, No. 16-CV-1701 (JVS), 2018

19   WL 1409590, at *3 (C.D. Cal. Jan. 5, 2018) ("Additionally, the Court finds it persuasive

20   that the LWDA was permitted to file a response to the proposed settlement and no

21   comment or objection has been received.").[1]  The Court hereby grants approval of the

22   PAGA Settlement, including the settlement and release of the PAGA Claims, as defined in

23   the Settlement Agreement, and the payment of One Hundred Thirty Thousand Dollars

24   ($130,000) from the Gross Settlement Fund to resolve the PAGA Claims ("PAGA

25

26   _____

        [1] Class Counsel represented to the Court that the LWDA would be notified of this
27   proposed settlement after the Motion was submitted.  *See* Declaration of Matthew Carlson dated
     October 2, 2020, Dkt. No. 56-1, ¶ 59.

28

                                              4
     ───────────────────────────────────────────────────────────────
     ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER
                             APPROVAL PAGA SETTLEMENT
                             Case No. 4:19-cv-02494-YGR

Payment"). Ninety-Seven Thousand Five Hundred Dollars ($97,500.00), which is seventy-five percent (75%) of the PAGA Payment, shall be paid to the LWDA. The remaining Thirty-Two Thousand Five Hundred Dollars ($32,500.00), which is twenty-five percent (25%) of the PAGA Payment, shall be distributed to the PAGA Releasees, based on the number of PAGA Pay Periods worked by a PAGA Releasee, as a fraction of the total PAGA Pay Periods worked by all PAGA Releasees. PAGA Releasees will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the PAGA Claims. The payment to the LWDA and the PAGA Releasees shall be made in accordance with the Settlement Agreement.

10. Subject to paragraph 20 of this Order and the terms of the Settlement Agreement, all PAGA Claims are hereby dismissed with prejudice as to Plaintiff and all PAGA Releasees. Subject to paragraph 20 of this Order and the terms of the Settlement Agreement, the claims in this Action and the PAGA Claims of each PAGA Releasee against Defendants, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement. Subject to paragraph 20 of this Order and the terms of the Settlement Agreement, all PAGA Releasees are permanently enjoined from pursuing or seeking to reopen, any of the PAGA Claims, as defined in the Settlement Agreement to the maximum extent permitted by law

11. The Court hereby approves, as to form and content, the Notice of PAGA and Class Action Settlement (the "Class Notice") in substantially the form attached as Exhibit 2 to this Order. The Class Notice is sufficient to inform Class Members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing. The Court finds that the distribution of the Class Notice in accordance with the Settlement Agreement meets the requirements of due

process; is the best notice practicable under the circumstances; is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled thereto; and is reasonably calculated, under the circumstances, to apprise the Class Members of the proposed settlement and of their right to object or to exclude themselves as provided in the Settlement Agreement.  The Parties have agreed to send the Class Notice to Class Members by regular United States Mail.  The notice plan is therefore **APPROVED**.

12.  The Court approves the procedures set forth in the Settlement Agreement and the Class Notice for exclusions from and objections to the Class Settlement.

13.  Any Class Members shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator postmarked or sent no later than **February 19, 2021**.  Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the Class Member seeking exclusion.  No later than **March 23, 2021**, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Class as provided in the Settlement Agreement.  Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement Agreement and whether or not such person makes a claim upon the settlement funds.

14.  Any Class Members who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or (3) Class Counsel's Motion for Attorney's Fees, Costs, and Class Representative Service Award by filing with the Court a written objection no later than **February 19, 2021** and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice.  Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

15.     A Plaintiff Class Member and/or PAGA Releasee may seek to challenge his or her estimated Individual Settlement Payment amount and PAGA Payment Check amount set forth in his or her Class Notice.  Any PAGA Releasee and/or Class Members who wish to make such challenge must do so by **February 19, 2021** and in accordance with the terms of the Agreement.

16.     The Court directs that a final approval hearing be scheduled for **April 6, 2021** at **2:00 p.m.** (the "Fairness Hearing" or "Final Approval Hearing") to assist the Court in determining whether the Class Settlement is fair, reasonable and adequate; whether Judgment should be entered in this Action; whether Class Counsel's application for fees and expenses should be approved; and whether Class Counsel's request for a Service Award to the Named Plaintiff should be approved.  Plaintiff shall file a Motion for Attorney's Fees, Costs, and Class Representative Service Award no later than **January 15, 2021**.  Each Class Member shall have the right to object to the Attorney's Fees, Costs, and Class Representative Service Award by filing a written objection with the Court no later than **February 19, 2021**, as stated in paragraph 14 above.  Plaintiff shall file a reply brief responding to any timely objection no later than **March 5, 2021**.  Plaintiff shall file a Motion for Final Approval of Class Action Settlement no later than **March 2, 2021**.  Class Members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for Attorney's Fees, Costs, and Class Representative Service Award by filing a Notice of Intention no later than **February 19, 2021**.

17.     The Court hereby preliminarily approves the Class Settlement, including the plan of allocation of the Class portion of the Gross Settlement Fund as described in the Settlement.  Specifically, after all required deductions are made from the Gross Settlement Fund, the Net Settlement Fund of approximately $1,157,500 will be distributed to Class members.  Each Class Member who does not opt-out of the Settlement will receive his/her

pro rata share of the Net Settlement Fund based on the number of pay periods worked by the Class Members for one or more Defendants during the Settlement Period.

18.     The Court hereby approves the parties' selected *cy pres* beneficiary, First Responders Children's Foundation COVID-19 Emergency Response Fund, subject to the condition that the beneficiary shall use 95% of *cy pres* funds to benefit clinicians at skilled nursing facilities in California, and 5% of *cy pres* funds to benefit clinicians at skilled nursing facilities in States other than California.

19.     Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed or interpreted as or deemed to be evidence of an admission or concession by Released Parties (a) of any liability or wrongdoing by Released Parties, (b) of the appropriateness of certifying a class for purposes of litigation, (c) that Plaintiff's claims may properly be prosecuted on a class or representative basis, (d) that any arbitration agreement maintained by Released Parties is unenforceable, or (e) of the truth of any allegations asserted by Plaintiff, members of the Class, PAGA Releasees, or any other person.  The Settlement and this Preliminary Approval Order and Order Approving PAGA Settlement shall have no impact on the validity or enforceability of the Dispute Resolution Agreements entered by the Class Members, and the settlement shall not prejudice Defendants or the Released Parties from seeking to enforce such Dispute Resolution Agreements.

20.     If the Class Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then: (a) the Settlement shall be without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective or enforceable; (b) the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of the day immediately before the Parties entered into the Settlement Agreement, with the Parties to meet and confer regarding any discovery or case management deadlines that were pending at the time the Parties stayed litigation to; (c) Defendant and/or Released Parties shall not be obligated to pay any amount of the Gross

Settlement Fund and shall be refunded any amounts paid pursuant to the Agreement but not yet spent or disbursed; (d) all Orders entered in connection with the Settlement, including the certification of the Class, shall be vacated without prejudice to any Party's position on the issue of class certification, or any other issue, in this Action or any other action, and the Parties shall be restored to their litigation positions existing on the date of execution of Settlement Agreement; and (e) the Parties shall proceed in all respects as if the Settlement Agreement and related documentation and orders had not been executed, and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement.  In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order and Order Approving PAGA Settlement, shall not be used or referred to in litigation, or any arbitration or other civil or administrative proceeding, for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with respect to the effect of the Settlement Agreement if it is not approved.

21.   If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

22.   The Court directs that the following deadlines are established by this Preliminary Approval Order and Order Approving PAGA Settlement:

   a.   Class data shall be provided to the Settlement Administrator by **December 21, 2020**.

   b.   Class Notice shall be mailed by regular United States Mail to members of the Class and PAGA Releasees by no later than **January 5, 2021**.

   c.   The Notice Period shall expire on **February 19, 2021**.

   d.   Plaintiff's Motion for Attorney's Fees, Costs, and Class Representative Service Award shall be filed by no later than **January 15, 2021**.

e.  Requests for exclusion shall be mailed to the Settlement Administrator and postmarked by **February 19, 2021**.  Any Class Member may seek exclusion from the Settlement, except the PAGA portion of the settlement as provided in the Settlement Agreement.  Requests for exclusion that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

f.  Objections to the Class Settlement shall be filed with the Court and either filed or postmarked by **February 19, 2021**. Objections must state the specific grounds on which they are being made and include all supporting facts. If an objector intends to appear at the Final Approval Hearing, either in person or through an attorney, the objector must file and serve with the objection a notice of intention to appear at the Final Approval Hearing. Objections that do not comply with this requirement and the requirements set forth in the Settlement Agreement and Class Notice shall not be considered.

g.  Challenge to the estimated Individual Settlement Payment and PAGA Payment Check amounts shall be mailed to the Settlement Administrator and postmarked by **February 19, 2021**.   Challenges that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

h.  Plaintiff's Motion for Final Approval of Class Action Settlement shall be filed by no later than **March 2, 2021**.

i.  Fairness Hearing shall be held on **April 6, 2021** at 2:00 p.m. in Courtroom 1 of this Court.

23.  Pending further order of this Court, all proceedings in this matter other than those contemplated herein and in the Settlement Agreement are stayed.

24.  This Court reserves the right to adjourn or continue the Fairness Hearing from time to time without further notice to Class Members.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER
APPROVAL PAGA SETTLEMENT
Case No. 4:19-cv-02494-YGR

25.     The Court retains jurisdiction to consider all further applications arising out of or in

connection with the Settlement.

**IT IS SO ORDERED.**

This Order terminates Docket No. 56.

Date: November 24, 2020

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER
APPROVAL PAGA SETTLEMENT
Case No. 4:19-cv-02494-YGR

# EXHIBIT 1

1  ELIZABETH STAGGS-WILSON, Bar No. 183160
   estaggs-wilson@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street, 63rd Floor
3  Los Angeles, California  90071
   Telephone:   213.443.4300
4  Facsimile:   213.443.4299

5  LISA LIN GARCIA, Bar No. 260582
   llgarcia@littler.com
6  ALICE H. WANG, Bar No. 289631
   awang@littler.com
7  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
8  San Francisco, CA  94104
   Telephone:   415.433.1940
9  Facsimile:   415.399.8490

10 Attorneys for Defendant
   KINDRED HEALTHCARE OPERATING, LLC
11
   MATTHEW D. CARLSON, Bar No. 273242
12 mdcarlson@mdcarlsonlaw.com
   LAW OFFICE OF MATTHEW D. CARLSON
13 50 Fountain Plaza, Suite 1400, #206
   Buffalo, NY  14202
14 Telephone:  (716) 242-1234

15 Attorneys for Plaintiff
   SARAH STONEHOCKER
16

17              UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA

19

20 SARAH STONEHOCKER, on behalf of        Case No.  4:19-cv-02494-YGR
   herself and all others similarly situated,
21                                         **JOINT STIPULATION AND CLASS AND**
             Plaintiff,                    **REPRESENTATIVE ACTION**
22                                         **SETTLEMENT AGREEMENT AND**
        v.                                 **RELEASE**
23
   KINDRED HEALTHCARE                      Complaint Filed:  February 14, 2019
24 OPERATING, LLC and DOES 1 through
   25,
25
             Defendants.
26

27

28

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT              1.              CASE NO.  4:19-cv-02494-YGR
AGREEMENT AND RELEASE

This Joint Stipulation and Class and Representative Action Settlement Agreement and Release ("Settlement," "Agreement" or "Settlement Agreement") is made and entered into by on the one hand Plaintiff SARAH STONEHOCKER, individually and as representative of the Class, as defined below ("Plaintiff or "Class Representative"), and on the other hand Defendant KINDRED HEALTHCARE OPERATING, LLC ("KHO") and the defendants to be added in the proposed Second Amended Complaint, KINDRED REHAB SERVICES, LLC, KINDRED REHAB SERVICES, INC., REHABCARE GROUP EAST, LLC, REHABCARE GROUP EAST, INC., AMERICAN VITALCARE, LLC, and REHABCARE GROUP OF CALIFORNIA, LLC (collectively "Defendants").

This Agreement is subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1711 *et seq*. and California Labor Code section 2699, and is made for the sole purpose of attempting to consummate settlement of this Action on a class-wide and representative basis subject to the following terms and conditions. As detailed below, in the event the Court does not enter an order granting approval of the PAGA Settlement, as defined below, final approval of the Class Settlement, as defined below, or the conditions precedent are not met for any reason, this Agreement is void and of no force or effect whatsoever.

NOW THEREFORE, in consideration of the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth below, Plaintiff, individually and as representative of the Class, and Defendants agree that the Action shall be, and is finally and fully compromised and settled on the following terms and conditions:

## 1.    FACTUAL AND PROCEDURAL BACKGROUND OF ACTION

1.1    On February 14, 2019, Plaintiff filed a putative class action in San Francisco County Superior Court entitled:  *Sarah Stonehocker, on behalf of herself and all others similarly situated, vs. Kindred Healthcare Operating, LLC*, Case No. CGC-19-573756 (the "Complaint").  On April 1, 2019, Plaintiff filed a First Amended Complaint in the Action (the "First Amended Complaint").

1.2    The Complaint and the First Amended Complaint allege the following causes of action: (1) Failure to Pay Overtime Wages [Cal. Labor Code §§ 510, 1194, 1198; Wage Order No. 4];

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE                    2.                    CASE NO.  4:19-cv-02494-YGR

(2) Failure to Pay Wages When Due [Cal. Labor Code §§ 201-203]; and (3) Unlawful Business Practices [Cal. Bus. & Prof. Code § 17200 *et seq.*].

1.3    On May 8, 2019, KHO removed the class action to the United States District Court, Northern District of California, where the action is currently pending as Case No. 4:19-cv-02494-YGR.

1.4    Prior to mediation, the Parties engaged in discovery, including an exchange of information and documentation about *inter alia:* the number of current and former putative class members who worked during the relevant time period; Defendants' operational structure, including breakdown of locations; Defendants' timekeeping, meal period and rest break policies; documents evidencing Defendants' communications, training materials, and procedures for managing payment for all hours worked, meal periods and rest breaks; electronic time and pay records for putative class members; arbitration provisions; data necessary to value Plaintiff's claims; Defendants' PatientPlus Bonus Plans; and other relevant information, including management-level correspondence, data in Plaintiff's possession and Plaintiff's personnel and payroll file.  Additionally, prior to mediation, KHO filed, and Plaintiff opposed, an early summary judgment motion ("MSJ") regarding the release Plaintiff signed as part of another class action settlement entitled *Cashon v. Kindred Healthcare Operating, Inc., et al.*, United States District Court for the Northern District of California No. 3:16-cv-04889-RS.  Following the Court's denial of KHO's MSJ in September 2019, the Parties focused their efforts on resolving the Action and the Parties agreed to proceed with a mediation before a neutral third party.

1.5    On May 20, 2020, the Parties participated in a mediation before Tripper Ortman in an attempt to negotiate a resolution of the Action, a highly-respected neutral mediator who specializes in wage and hour mediations.  With mediator Ortman's assistance, the Parties agreed, subject to approval by the Court, to the Settlement of the Action. The Parties further agreed to enter into this Agreement to memorialize their settlement of the Action.

1.6    As part of this Settlement, on or about June 15, 2020, Plaintiff submitted a notice to the LWDA pursuant to the Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2698 *et seq.*) (the "PAGA Notice").  The PAGA Notice alleged the following causes of action: (1) Failure to Pay Wages

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE                    3.                    CASE NO.  4:19-cv-02494-YGR

(including minimum, straight, and overtime wages) [Cal. Labor Code §§ 510, 1194, 1197, 1198; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (2) Failure to Pay Wages When Due [Cal. Labor Code §§ 201-204); (3) Failure to Provide Compliant Meal Breaks [Cal. Labor Code §§ 226.7 and 512; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (4) Failure to Authorize and Permit Compliant Rest Breaks [Cal. Labor Code § 226.7 and Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; and (5) Failure to Issue Accurate Itemized Wage Statements and Maintain Proper Payroll Records [Cal. Labor Code §§ 226, 1174 and 1174.5; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]. The LWDA did not respond to Plaintiff's notice during the time prescribed by Cal. Lab. Code § 2699.3.

1.7     The Parties believe this Settlement is a fair, adequate and reasonable Settlement of this Action and have arrived at this Settlement after lengthy, extensive arms-length negotiations, facilitated by an experienced wage and hour class action mediator, taking into account all relevant factors, present and potential.  This Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

1.8     Defendants denied and continue to deny each and all of the allegations, claims, and contentions alleged by Plaintiff in the Action. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action. Defendants contend that they complied in good faith with California wage and hour laws and has dealt legally and fairly with Plaintiff and Class Members. Defendants further deny that, for any purpose other than settling the Action, these claims are appropriate for class or representative treatment. Nonetheless, Defendants have concluded that further proceedings in the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement in order to dispose of burdensome and protracted litigation, to permit the operation of Defendants' business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. Defendants have, therefore, determined

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT     4.                      CASE NO. 4:19-cv-02494-YGR
AGREEMENT AND RELEASE

that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

1.9    The Settlement set forth herein intends to achieve the following: (1) entry of an order approving the PAGA Settlement; (2) entry of an order approving the Class Settlement; (3) entry of judgment of the Action; (4) discharge of Released Parties from liability for any and all of the PAGA Claims by the PAGA Releasees; (5) discharge of Released Parties from liability for any and all of the Released Claims by Plaintiff Class Members; and (6) discharge of Released Parties from liability for any and all claims that Plaintiff may have against them.

## 2.    **DEFINITIONS**

As used in this Agreement, the following terms shall have the meanings specified below. To the extent terms or phrases used in this Agreement are not specifically defined below, but are defined elsewhere in this Agreement, they are incorporated by reference into this definition section.

2.1    "**Action**" refers to the class action litigation entitled *Sarah Stonehocker, on behalf of herself and all others similarly situated, vs. Kindred Healthcare Operating, LLC*, which is pending in the United States District Court for the Northern District of California as Case No. 4:19-cv-02494-YGR.

2.2    "**Administrative Expenses**" include all costs and expenses associated with and paid to the Settlement Administrator for the administration of the Settlement and related matters as described in this Agreement, which are anticipated not to exceed $22,500.00.

2.3    "**Agreement**," "**Settlement**" and "**Settlement Agreement**" mean this Joint Stipulation and Class and Representative Action Settlement Agreement and Release, including all attached exhibits.

2.4    "**CAFA**" shall mean the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*.

2.5    "**Claims**" means all claims for wages and related penalties actually alleged or that could have been alleged in the Action by the Plaintiff, on behalf of herself and the Class Members, based on the facts alleged in the Complaint, the Amended Complaint, the proposed Second Amended Complaint, and the PAGA Notice including but not limited to: (1) Failure to Pay Wages (including minimum, straight, and overtime wages) [Cal. Labor Code §§ 510, 1194, 1197, 1198; Wage Order

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

5.

CASE NO. 4:19-cv-02494-YGR

Nos. 4 and 5; and corresponding California Code of Regulations]; (2) Failure to Pay Wages When Due [Cal. Labor Code §§ 201-204]; (3) Failure to Provide Compliant Meal Breaks [Cal. Labor Code § 226.7 and 512; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (4) Failure to Authorize and Permit Compliant Rest Breaks [Cal. Labor Code § 226.7 Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (5) Failure to Issue Accurate Itemized Wage Statements [Cal. Labor Code § 226]; (6) Failure to Maintain Proper Employment Records [Cal. Labor Code §§ 226, 1174 and 1174.5; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (7) Unfair Competition [Business & Professions Code § 17200]; (8) Penalties Pursuant to PAGA; and (9) Failure to Pay Wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

2.6     "**Class**" and "**Class Members**" mean all persons who are or were employed by one or more Defendants as non-exempt Skilled Clinicians to work at a skilled nursing facility in California at any time from February 14, 2015 through September 1, 2020.

2.7     "**Class Counsel**" means Matthew D. Carlson of Law Office of Matthew D. Carlson, 50 Fountain Plaza, Suite 1400, #206, Buffalo, NY 14202.

2.8     "**Class Counsel's Fees and Expenses**" means the amount awarded to Class Counsel by the Court to compensate them for their fees in prosecuting the Action, not to exceed one-third (1/3) of the Gross Settlement Fund, including any interest, plus reasonable costs and expenses not to exceed $15,000, subject to approval of the Court.

2.9     "**Class Notice**" means the Notice of PAGA and Class Action Settlement, as set forth in the form of Exhibit C attached hereto, or as otherwise approved by the Court, which is to be mailed to Class Members and PAGA Releasees.

2.10     "**Class Pay Periods**" means the number of pay periods worked by Class Members for one or more Defendants during the Settlement Period as regularly recorded on Defendants' payroll system.

2.11     "**Class Representative**" means Plaintiff Sarah Stonehocker.

2.12     "**Class Settlement**" means the non-PAGA portion of the settlement embodied in this Agreement, which is subject to Court's preliminary and final approval.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE                6.                CASE NO. 4:19-cv-02494-YGR

2.13    "**Complaint**" means the Class Action Complaint filed by Plaintiff in San Francisco County Superior Court on February 14, 2019.

2.14    "**Court**" means the United States District Court for the Northern District of California.

2.15    "**Defendants**" mean Kindred Healthcare Operating, LLC, Kindred Rehab Services, LLC, Kindred Rehab Services, Inc., RehabCare Group East, LLC, RehabCare Group East, Inc., American VitalCare, LLC and RehabCare Group of California, LLC.

2.16    "**Defense Counsel**" and "**Counsel for Defendants**" mean Elizabeth Staggs-Wilson, Lisa Lin Garcia, and Alice Wang of Littler Mendelson, P.C.

2.17    "**Effective Date**" of this Agreement means the date when all of the conditions set forth in Paragraph 7.7 have occurred.

2.18    "**Employee's Taxes and Required Withholdings**" means the employee's share of any and all applicable federal, state or local payroll taxes, including those collected under authority of the Federal Insurance Contributions Act ("FICA"), FUTA and/or SUTA on the portion of any Plaintiff Class Member's Individual Settlement Payment that constitutes wages.  The Employee's Taxes and Required Withholdings will be withheld from and paid out of the Net Settlement Fund.

2.19    "**Employer's Taxes**" means and refers to the employer's share of corporate federal, state and/or local payroll taxes, including Medicare taxes, Social Security taxes, federal unemployment taxes, state unemployment insurance taxes, and employment training taxes, that is owed on the portion of any Plaintiff Class Member's Individual Settlement Payment that constitutes wages and any Service Award that constitutes wages. The Employer's Taxes shall be paid separate and apart from the Gross Settlement Fund.

2.20    "**Final Approval Hearing**" means the hearing held to determine whether the Court will enter a Final Approval Order finally approving the Class Settlement and enter a Judgment dismissing the Action consistent with this Agreement.

2.21    "**Final Approval Order**" means the Court's entry of an Order finally approving and granting final approval of the Class Settlement.

2.22    "**First Amended Complaint**" means the First Amended Class Action Complaint filed by Plaintiff in San Francisco County Superior Court on April 1, 2019.

7.

2.23    **"Gross Settlement Fund"** means the agreed upon non-reversionary settlement amount totaling One Million Nine Hundred Ninety-Five Thousand Dollars ($1,995,000.00) to be paid by Defendants in full settlement of the Released Claims and the PAGA Claims asserted in the Action, including the Administrative Expenses, Class Counsel's Fees and Expenses, any Court approved Service Award, the PAGA Payment, Employee's Taxes and Required Withholdings, the Net Settlement Fund and all other costs associated with the Settlement.

2.24    **"Individual Settlement Payment"** means the amount which is ultimately distributed to each Plaintiff Class Member from the Net Settlement Fund, net of any Employee's Taxes and Required Withholdings, separate and distinct from the Plaintiff Class Member's share of the PAGA Payment.

2.25    **"KHO"** means Kindred Healthcare Operating, LLC.

2.26    **"LWDA"** means the California Labor and Workforce Development Agency.

2.27    **"Mailing Date"** means the date that the Settlement Administrator initially mails by Regular United States Mail the Class Notices to the Class Members and the PAGA Releasees.

2.28    **"Net Settlement Fund"** means the portion of the Gross Settlement Fund available for distribution to Plaintiff Class Members after deduction of Class Counsel's Fees and Expenses, the Service Award, the Administrative Expenses, all Employees' Taxes and Required Withholdings which must be remitted on Individual Settlement Payments and the Service Award, and the PAGA Payment.

2.29    **"Notice of Objection"** means a written request by a Class Member to object to this Settlement, which must be completed and filed or mailed in the manner set forth in this Settlement Agreement and the Class Notices.

2.30    **"Notice Period"** means the forty-five (45) calendar day period which begins on the Mailing Date. An Opt-Out Request must be returned to the Settlement Administrator with a postmark dated during the Notice Period to be valid and effective. An objection must be filed with the Court during the Notice Period to be considered.  A written notice disputing the number of Class Pay Periods and PAGA Pay Periods worked must be returned to the Settlement Administrator with a postmark dated during the Notice Period for the Plaintiff Class Member to receive the Individual Settlement Payment.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE                    8.                    CASE NO. 4:19-cv-02494-YGR

2.31    **"PAGA"** means the California Labor Code Private Attorneys General Act of 2004, California Labor Code section 2698, *et seq.*

2.32    **"PAGA Claims"** means all disputes, claims, and/or causes of action set forth in Paragraph 4.4 of this Agreement.

2.33    **"PAGA Notice"** means the notice Plaintiff submitted to the LWDA on or about June 15, 2020 pursuant to PAGA as described in Paragraph 1.6 above.

2.34    **"PAGA Pay Periods"** means the number of pay periods worked by PAGA Releasees for one or more Defendants during the PAGA Settlement Period as regularly recorded on Defendants' payroll system.

2.35    **"PAGA Payment"** means the payment to the State of California LWDA and the PAGA Releasees in settlement of all claims for PAGA penalties.

2.36    **"PAGA Payment Check"** means the check issued to each PAGA Releasee for his/her/their share of the PAGA Payment.

2.37    **"PAGA Releasees"** means all persons who are or were employed by one or more Defendants as non-exempt Skilled Clinicians to work at a skilled nursing facility in California at any time from February 14, 2018 through September 1, 2020.

2.38    **"PAGA Settlement"** means the PAGA portion of this Agreement, which is subject to Court's approval.

2.39    **"PAGA Settlement Period"** means the period beginning on February 14, 2018 through September 1, 2020.

2.40    **"Parties"** means Plaintiff, individually and on behalf of all Class Members and all PAGA Releasees, and Defendants.

2.41    **"Plaintiff"** means Sarah Stonehocker.

2.42    **"Plaintiff Class Member"** means each Class Member who has not timely and properly opted out of the Class Settlement pursuant to Paragraph 6.5 of this Agreement.

2.43    **"Preliminary Approval Order and Order Approving PAGA Settlement"** means an order from the Court: (1) preliminarily approving the Class Settlement; and (2) approving the PAGA Settlement.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

9.

CASE NO. 4:19-cv-02494-YGR

2.44    "**Released Claims**" or "**Settled Claims**" mean all disputes, claims, and/or causes of action set forth in Paragraph 4.3 of this Agreement.

2.45    "**Released Parties**" shall mean include Defendants, RehabCare Group Management Services, LLC, RehabCare Group, Inc., RehabCare Hospital Holdings, L.L.C., and any of its or their past, present and future direct or indirect parents, subsidiaries, affiliates and any skilled nursing facility clients as to whom any Class Member or PAGA Releasee may have provided services through any or all Defendants as well as each of its or their past, present and future officers, directors, employees, partners, members, shareholders and agents, attorneys, insurers, reinsurers, and any individual or entity which could be jointly liable with any or all Defendants.

2.46    "**Second Amended Complaint**" means the proposed Second Amended Class Action Complaint that Plaintiff is to file in the Action as described in Paragraph 7.2 below.  A copy of the proposed Second Amended Complaint subject to the Court's approval is attached hereto as **Exhibit B**.

2.47    "**Service Award**" means any additional monetary payment provided to Sarah Stonehocker in her capacity as Class Representative, not to exceed $5,000.00, for her efforts and risks on behalf of the Class in the Action, as determined by the Court, as well as general consideration for the general release and waiver by Plaintiff as set forth in Paragraph 4.7 of this Agreement.

2.48    "**Settlement**" means the settlement of the Action effectuated by this Agreement between the Parties (including the Class Settlement and PAGA Settlement).

2.49    "**Settlement Administrator**" means an experienced, neutral third-party administrator that is approved by the Parties and the Court responsible for administration of the Settlement and related matters.

2.50    "**Settlement Period**" means the period from February 14, 2015, through September 1, 2020.

2.51    "**Settlement Proceeds Distribution Deadline**" means a date that is forty (40) calendar days after the Effective Date.

2.52    "**Skilled Clinicians**" are all individuals who have held one or more positions included in the job title list attached hereto as **Exhibit A**.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

10.

CASE NO. 4:19-cv-02494-YGR

**3.**     **SETTLEMENT PAYMENT PROVISIONS**

    3.1    <u>Allocation of Gross Settlement Fund</u>.  Subject to Court approval and the conditions specified in this Agreement, and in consideration of the mutual covenants and promises set forth herein, Defendants agree to make a total settlement payment under this Agreement in the amount of One Million Nine Hundred Ninety-Five Thousand Dollars ($1,995,000.00), *i.e.*, Gross Settlement Fund. The Gross Settlement Fund includes, but is not limited to, payments to be made for (1) Class Counsel's Fees and Expenses; (2) Plaintiff's Service Award; (3) Administrative Expenses; (4) PAGA Payment; (5) Employee's Taxes and Required Withholdings; (6) and the Net Settlement Fund and all other costs associated with the Settlement. The Parties agree, subject to Court approval, that the Gross Settlement Fund shall be apportioned as follows:

    (a)    <u>Attorneys' Fees and Costs</u>.  At the Final Approval Hearing, Class Counsel will apply to the Court for an award of attorneys' fees incurred by Class Counsel in an amount not to exceed Six Hundred Fifty Thousand Dollars ($665,000.00), which is one-third (1/3) of the Gross Settlement Fund.  At the Final Approval Hearing, Class Counsel will also apply to the Court for recovery of actual costs incurred by Plaintiff's counsel in the Action in an amount not to exceed Fifteen Thousand Dollars ($15,000.00). Defendants will not oppose such applications provided that Class Counsel does not seek to recover more than the maximum amounts as stated in this Paragraph. Approval of the Settlement shall not be contingent upon approval of the attorneys' fee award or the costs award.

    These fees and costs are included in, and shall come from, the Gross Settlement Fund. The Class Counsel's Fees and Expenses approved by the Court shall encompass:  (a) all work performed and costs and expenses incurred by, or at the direction of, any attorney purporting to represent the Class and/or PAGA Releasees through the date of this Agreement; (b) all work to be performed and costs to be incurred in connection with approval by the Court of the Settlement and the termination of this Action; (c) all work to be performed and costs and expenses, if any, incurred in connection with administering the Settlement through the termination of the Action, with prejudice; and (d) may be based inter alia on the Common Fund Doctrine and/or the Catalyst Theory.

    Class Counsel must provide Settlement Administrator with IRS Forms W-9, so that the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

11.

CASE NO.  4:19-cv-02494-YGR

Settlement Administrator may issue IRS Forms 1099 misc. To the extent attorneys' fees are not approved in the full amount requested, as set forth above, then the amount not approved will be a part of the Net Settlement Fund for distribution to the Plaintiff Class Members on a *pro rata* basis pursuant to Paragraph 3.1(f). Similarly, to the extent costs sought by Class Counsel are not approved in their entirety, any sum not approved will be a part of the Net Settlement Fund for distribution to the Plaintiff Class Members on a pro rata basis. Except as provided in this Paragraph, upon final approval, each Party shall bear her or its own attorneys' fees, costs, and expenses incurred in the prosecution, defense, and settlement of the Action.

(b)     <u>Service Award</u>.  At the Final Approval Hearing, Class Counsel will apply to the Court for a Service Award in an amount not to exceed Five Thousand Dollars ($5,000.00) to be paid to the Plaintiff for her services and for assuming the risks associated with this litigation. Defendants will not oppose such application. Approval of the Settlement shall not be contingent upon approval of the Service Award.

Any Service Award is included in, and shall come from, the Gross Settlement Fund. If the Court approves and awards an Service Award in an amount less than the Five Thousand Dollars ($5,000.00), as set forth above, the amount not approved will be a part of the Net Settlement Fund for distribution to the Plaintiff Class Members on a pro rata basis pursuant to Paragraph 3.1(f). The Service Award payable to the Plaintiff shall be in addition to any payment she may receive pursuant to Paragraph 3.1(f), below.

(c)     <u>PAGA Payment</u>.  Subject to Court approval, an amount of One Hundred Thirty Thousand Dollars ($130,000) shall be allocated as the PAGA Payment.  Ninety-Seven Thousand Five Hundred Dollars ($97,500.00), which is seventy-five percent (75%) of the PAGA Payment, shall be paid to the LWDA.  The remaining Thirty-Two Thousand Five Hundred Dollars ($32,500.00), which is twenty-five percent (25%) of the PAGA Payment, shall be distributed to the PAGA Releasees, based on the number of PAGA Pay Periods worked by a PAGA Releasee, as a fraction of the total PAGA Pay Periods worked by all PAGA Releasees.  The portion of the PAGA Payment to the PAGA Releasees shall be treated entirely as penalties.  PAGA Releasees will not have the opportunity to opt out or object to the PAGA Payment and/or release of PAGA Claims set forth in this Agreement

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

12.

CASE NO. 4:19-cv-02494-YGR

although the PAGA Settlement will be subject to Court approval.  In the event the LWDA rejects this allocation, the Parties will meet and confer with the Court and the LWDA to reach a penalty allocation acceptable to all parties that does not materially alter the terms of Settlement, nor require Defendants to pay more than the Gross Settlement Fund.  At the same time that Plaintiff files her Motion for Preliminary Approval, Plaintiff shall send a copy of the Agreement to the LWDA pursuant to the 2016 amendments to PAGA. The PAGA Payment shall be paid from the Gross Settlement Fund.

        (d)    <u>Administrative Expenses</u>.  Subject to Court approval, an amount of Twenty-Two Thousand Five Hundred Dollars ($22,500) will be set aside from the Gross Settlement Fund to cover any of the Settlement Administrator's Administrative Expenses.  The Parties agree to propose Simpluris, Inc. as the Settlement Administrator.  If any portion of the Twenty-Two Thousand Five Hundred Dollars ($22,500) remains unused, it will go to the Net Settlement Fund.

        (e)    <u>Employer's Taxes</u>.  The Settlement Administrator shall calculate the Employer's Taxes and inform Defendants of the amount of Employer's Taxes to be paid by Defendants separate and apart from the Gross Settlement Fund.

        (f)    <u>Net Settlement Fund</u>.  After deducting the amounts specified in Paragraphs 3.1(a)-(d), above, each Plaintiff Class Member shall be entitled to a pro rata portion of the remaining amount of the Gross Settlement Fund, which is known as the Net Settlement Fund.  Individual Settlement Payments shall be awarded to each Plaintiff Class Member from the Net Settlement Fund based on the number of Class Pay Periods worked by the Plaintiff Class Member, as a fraction of the total Class Pay Periods worked by all Plaintiff Class Members.

        The Parties acknowledge and agree that the formula used to calculate Individual Settlement Payments does not imply that all of the elements of damages alleged in the Action are not being taken into account.  The above formula was devised as a practical and logistical tool to simplify the settlement process.

        The Parties agree that the entire amount of the Net Settlement Fund, less applicable Employee's Taxes and Required Withholdings, shall be distributed to Plaintiff Class Members. Any Class Member who is not a Plaintiff Class Member shall not receive an Individual Settlement Payment but if he/she is a PAGA Releasee, such individual will still receive his/her PAGA Payment Check.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

13.

CASE NO.  4:19-cv-02494-YGR

3.2     <u>Taxation of Settlement Proceeds</u>.  All Individual Settlement Payments paid to Plaintiff Class Members and any Service Award to Plaintiff shall be paid in a net amount after applicable state and federal withholdings, including payroll taxes, have been deducted.

(a)     The Parties agree that twenty percent (20%) of the Individual Settlement Payment distributed to each Plaintiff Class Member will be considered wages, and will be, if required, reported as such to each Plaintiff Class Member on an IRS Form W-2.  The Parties agree that the remaining eighty percent (80%) of the Individual Settlement Payment distributed to each Plaintiff Class Member will be considered civil penalties and interest, and will be, if required, reported as such to each Plaintiff Class Member on an IRS Form 1099 misc., if applicable. The foregoing tax allocation shall apply to sums paid to Plaintiff described in Paragraph 3.1(b).  The Parties further agree that the PAGA Payment Checks distributed to each PAGA Releasee will be treated entirely as civil penalties, and will be reported as such to each PAGA Releasee on an IRS Form 1099 misc., if applicable.

(b)     The Settlement Administrator shall calculate, withhold from each Individual Settlement Payment and the Service Award, and remit to applicable governmental agencies sufficient amounts as may be owed by the Plaintiff Class Members and Plaintiff for applicable employee taxes. The Settlement Administrator will issue appropriate tax forms to each Plaintiff Class Member and PAGA Releasee consistent with the foregoing breakdown.

(c)     The Parties agree that the Gross Settlement Fund will qualify as a settlement fund pursuant to the requirements of section 468(B)(g) of the Internal Revenue Code of 1986, as amended, and section 1.468B-1. *et seq.* of the income tax regulations. Furthermore, the Settlement Administrator is hereby designated as the "Administrator" of the qualified settlement funds for purposes of section 1.46B-2(k) of the income tax regulations. As such, all taxes imposed on the gross income of the Gross Settlement Fund and any tax-related expenses arising from any income tax return or other reporting document that may be required by the Internal Revenue Service or any state or local taxing body will be paid from the Gross Settlement Fund.

(d)     All Parties represent that they have not received, and shall not rely on, advice or representations from the other Party or her/its agents regarding the tax treatment of payments under federal, state or local law.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

14.

CASE NO. 4:19-cv-02494-YGR

3.3     No Credit Towards Benefit Plans.  Except as otherwise required by applicable plan documents, the Individual Settlement Payments, Service Award and PAGA Payment Checks made to Plaintiff, Plaintiff Class Members and PAGA Releasees under this Agreement shall not be utilized to calculate any additional benefits under any benefit plans to which any Plaintiff, Plaintiff Class Members and PAGA Releasees may be eligible including, but not limited to: retirement plans, profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, pension plans, or any other benefit plan. It is the Parties' intention that this Agreement will not affect any rights, contributions, or amounts to which Plaintiff, Plaintiff Class Members and PAGA Releasees may be entitled under any benefit plans.

**4.      RELEASE PROVISIONS**

4.1     Non-Admission of Liability.  The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation. In entering into this Agreement, Defendants do not admit, and specifically denies, that it has violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract, violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to the Plaintiff or any Class Member and/or PAGA Releasee. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendants of any such violations or failures to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendants or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable law.

4.2     Dismissal of Claims. Subject to final Court approval and the conditions specified in this Agreement, and in consideration of the mutual covenants and promises set forth herein, Plaintiff and all Plaintiff Class Members shall dismiss with prejudice all Released Claims, to the greatest extent

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE                          15.                    CASE NO.  4:19-cv-02494-YGR

permitted by law, and Plaintiff and all PAGA Releasees shall dismiss with prejudice the PAGA Claims to the greatest extent permitted by law.

4.3 <u>Release of All Settled Claims</u>. Upon the entry of the Final Approval Order and to the maximum extent permitted by law, Plaintiff and all Plaintiff Class Members (*i.e.*, all Class Members who do not properly opt-out) and all persons purporting to act on the Plaintiff Class Members' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged any and all of the Released Parties of and from all disputes, claims and/or causes of action pleaded or which could have been pleaded arising, in whole or in part, from the facts, claims and/or allegations contained in the Complaint, the First Amended Complaint, the Second Amended Complaint, and/or the PAGA Notice during the Settlement Period, including the following:

(a) Any claims for unpaid wages (including minimum, regular and overtime wages), untimely wage payments both during and at the end of employment, non-compliant meal periods, non-compliant rest periods, non-compliant wage statements, non-compliant recordkeeping, and claims for interest, penalties (including but not limited to waiting time penalties), or premiums in connection therewith, as well as any claims under the Fair Labor Standards Act, the California Labor Code, California Industrial Welfare Commission Wage Orders and corresponding California Code of Regulations, alleged or which could have been alleged based, in whole or in part, on the facts, allegations and/or claims pleaded in the Complaint, the First Amended Complaint or the Second Amended Complaint in this Action or the PAGA Notice;

(b) Any claims for injunctive relief, declaratory relief, restitution, fraudulent business practices or punitive damages alleged or which could have been alleged based, in whole or in part, on the facts, allegations and/or claims pleaded in the Complaint, the First Amended Complaint or the Second Amended Complaint in this Action or the PAGA Notice; and

(c) Any and all other claims under California common law, the California Labor Code including but not limited to the Private Attorneys General Act, the Fair Labor Standards Act, California Industrial Welfare Commission Wage Orders, corresponding California Code of Regulations, and the California Business and Professions Code alleged in or that could have been

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

16.

CASE NO. 4:19-cv-02494-YGR

1  alleged under the allegations and/or claims pleaded in Complaint, the First Amended Complaint or the

2  Second Amended Complaint in this Action or the PAGA Notice.

3      (d)   The claims set forth in Paragraph 4.3 shall be collectively referred to as the

4  "**Released Claims**" or "**Settled Claims**." The Plaintiff Class Members are bound by the release of

5  the Settled Claims in their entirety regardless of whether they cash their Individual Settlement Payment

6  check.

7      4.4   Release of PAGA Claims. Upon the Court's approval of the PAGA Payment and this

8  release of PAGA Claims, Plaintiff and the PAGA Releasees and all persons purporting to act on the

9  PAGA Releasees' behalf or purporting to assert a claim under or through them, hereby do and shall

10  be deemed to have fully, finally, and forever released, settled, compromised, relinquished and

11  discharged any and all of the Released Parties of and from any and all PAGA claims premised in whole

12  or in part on any of the claims set forth in Paragraph 4.3 above during the PAGA Settlement Period

13  (collectively, the "**PAGA Claims**"). The PAGA Releasees will not have the opportunity to opt out

14  of, or object to, the PAGA Payment and release of the PAGA Claims set forth in this Paragraph. The

15  PAGA Releasees are bound by the release of the PAGA Claims regardless of whether they cash their

16  PAGA Payment Check.

17      4.5   Communication to the Class. The Parties agree for settlement purposes only that,

18  because the Class Members are so numerous, it is impossible or impracticable to have each Class

19  Member execute this Agreement. Accordingly, the Class Notice will advise all Class Members of the

20  binding nature of the release of claims and such notice shall have the same force and effect as if the

21  Agreement were executed by each Class Member.

22      4.6   Representation by Plaintiff. Plaintiff and Class Counsel represent, covenant, and

23  warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to

24  assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action,

25  cause of action, or rights herein released and discharged, except as set forth herein.

26      4.7   General Release and Waiver of California Civil Code § 1542 by Plaintiff. Upon the

27  Court's final approval of the Class Settlement and entry of the Judgment, Plaintiff and all persons

28  purporting to act on Plaintiff's behalf or purporting to assert a claim under or through Plaintiff, hereby

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT       17.       CASE NO. 4:19-cv-02494-YGR
AGREEMENT AND RELEASE

do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged any and all of the Released Parties from any and all claims, known or unknown, asserted and unasserted, that she has or may have had against any or all Defendants or any of the Released Parties from the beginning of time through the date Plaintiff this Agreement.  Such claims include, but are not limited to the Released Claims; the PAGA Claims; breaches of contract, whether written, oral or implied; violations of any public policy; tort claims, including but not limited to intentional infliction of emotional distress and negligent infliction of emotional distress, defamation, misrepresentation, and fraud; retaliation claims; common law claims; any other claims for damages, costs, fees, or other expenses, including attorneys' fees; and any violations of the following statutes, laws, and regulations and amendments thereto:  Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Americans with Disabilities Act of 1990; the Employment Retirement Income Security Act of 1974; the Occupational Safety and Health Act; the Sarbanes-Oxley Act of 2002; the Family and Medical Leave Act of 1993; the Fair Labor Standards Act; the California Fair Employment and Housing Act – California Government Code § 12900 *et seq.*; the California Family Rights Act – California Government Code § 12945.2 *et seq.*; the California Unruh Civil Rights Act – California Civil Code § 51 *et seq.*; the California Whistleblower Protection Law – California Labor Code § 1102.5; the California Occupational Safety and Health Act – California Labor Code § 6300 *et seq.*; the California Private Attorneys General Act – California Labor Code § 2698 *et seq.*; the California Business and Professions, Civil, Government and Labor Code; and any other federal, state, or local civil employment law, statute, regulation, or ordinance capable of being released by Plaintiff, excluding any claims that cannot be released as a matter of law.  Plaintiff shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished to the fullest extent permitted by law the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release. Plaintiff, for herself, has read Section 1542 of the California Civil Code, which provides as follows:

A general release does not extend to claims that the creditor or releasing party does not

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

18.

CASE NO. 4:19-cv-02494-YGR

know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff understands that Section 1542 gives the right not to release existing claims of which she is not now aware, unless Plaintiff voluntarily chooses to waive this right. Having been so apprised, Plaintiff nevertheless voluntarily waives the rights described in Section 1542, and elects to assume all risks for claims that now exist in her favor, known or unknown. The release of the claims of Plaintiff as set forth in this Paragraph 4.7 is a condition precedent to enforcement of this Agreement.

4.8    No Pending or Future Lawsuits by Plaintiff.  Other than this Action, Plaintiff represents that she does not have any pending lawsuits, administrative complaints or charges against Defendants or the Released Parties in any local, state or federal court or administrative agency.  Plaintiff further acknowledges that all claims raised therein, if any, shall be fully and finally extinguished by virtue of this Settlement Agreement and the Court's Final Approval Order.  Plaintiff further represents that she will not bring any action in the future in which she seeks to recover any damages from Defendants or the Released Parties relating to or arising from Plaintiff's employment, other than an action to enforce her rights under this Settlement Agreement.

4.9    Release of Claims by Class Counsel. Upon receipt of Class Counsel's Fees and Expenses, as ordered by the Court on final approval of the Settlement, Class Counsel shall fully and finally release Defendants and the Released Parties from any and all claims for attorneys' fees and expenses arising from the Action and any claims released by the Plaintiff, Class Members and PAGA Releasees, whether known and unknown, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law. Class Counsel's Released Claims and PAGA Claims include, but are not limited to, claims for attorneys' fees and expenses arising from or dependent on the California Civil Code, the California Code of Civil Procedure, the California Labor Code; the wage orders of the California Industrial Welfare Commission; corresponding California Code of Regulations; California Business and Professions Code sections 17200, et seq.; California Labor Code sections 2698, *et seq.*; the California common law of contract and tort, and the Fair Labor Standards Act.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

19.

CASE NO.  4:19-cv-02494-YGR

1      4.10  <u>Labor Code Sections Do Not Apply To Releases</u>. The Parties agree that California

2  Labor Code section 206.5 and 2804 do not invalidate any provision of this Agreement, because among

3  other things, the claims and Released Claims and PAGA Claims are disputed and contested, and the

4  Settlement was bargained for at arms' length and approved by the Court.

5  **5.**  **CONDITIONAL CLASS CERTIFICATION AND CLASS COUNSEL**

6      5.1  <u>Class Certification</u>. Solely for the purposes of this Settlement, the Parties stipulate and

7  agree that in order for this Settlement to occur, the Court must certify the following class as defined

8  in Paragraph 2.6:  all persons who are or were employed by one or more Defendants as non-exempt

9  Skilled Clinicians (as defined in Paragraph 2.52) to work at a skilled nursing facility in California at

10  any time from February 14, 2015 through September 1, 2020.

11      (a)  For settlement purposes only, the Parties agree that the Class as defined in

12  Paragraph 2.6 herein and which will run through September 1, 2020, may be certified in the Action

13  pursuant to Federal Rule of Civil Procedure 23.  The Parties are not certifying any PAGA claims.  In

14  support of this Agreement, Plaintiff will request that the Court certify for settlement purposes the Class

15  as to all non-PAGA claims that have been asserted, which Defendants shall not oppose or object to.

16      5.2  The Parties intend the Class Settlement to be contingent upon the preliminary and final

17  approval of each and every term of this Agreement, without material or substantive modification,

18  unless the Parties agree to such modification. Except as expressly set forth in this Agreement, if the

19  Court does not so approve this Agreement, the Parties intend this Agreement to become null and void,

20  and unenforceable, in which event the settlement terms set forth herein, including any modifications

21  made with the consent of the Parties, and any action taken or to be taken in connection with this

22  Agreement shall be terminated and shall become null and void and have no further force or effect, and

23  the Class certified pursuant to this Agreement will be decertified for all purposes.

24      5.3  In the event that the Court does not grant approval of the PAGA Settlement, preliminary

25  or final approval of the Class Settlement, or in the event that this Agreement shall terminate or the

26  Settlement embodied herein does not become effective for any reason, the Agreement and all

27  negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of

28  Plaintiff, Class Members, PAGA Releasees and Defendants, stricken from the record, each of whom

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT        20.        CASE NO.  4:19-cv-02494-YGR
AGREEMENT AND RELEASE

shall be restored to her/their/its respective positions existing prior to the execution of this Agreement, and evidence relating to the Agreement and all negotiations shall not be discoverable or admissible in the Action or any other litigation.  Defendants do not waive, and instead expressly reserve, their rights to challenge the propriety of class certification for any purpose should the Court not grant preliminary or final approval of the Parties' Settlement.

5.4     If the Court grants approval of the PAGA Settlement and preliminary approval of the Class Settlement but does not grant final approval of the Class Settlement, then the Preliminary Approval Order shall be vacated in its entirety. In addition, this Agreement, the Preliminary Approval Order, and any other document in any way relating to the Agreement or Settlement shall be stricken from the record and may not be relied upon, referred to or used in any way for any purpose in connection with any further proceedings in this or any related action, including class certification proceedings.  Defendants do not waive, and instead expressly reserve, their rights to challenge the propriety of class certification for any purpose should the Court not grant final approval of the Class Settlement.

5.5     Appointment of Class Representative.  Solely for the purposes of this Settlement, the Parties stipulate and agree that Plaintiff Sarah Stonehocker shall be appointed as a representative for the Class.

5.6     Appointment of Class Counsel.  Solely for the purposes of this Settlement, the Parties stipulate and agree that Matthew D. Carlson of the Law Office of Matthew D. Carlson shall be appointed as Class Counsel for the Class.

**6.      NOTICE AND SETTLEMENT ADMINISTRATION PROCESS**

6.1     Identification of Class Members and PAGA Releasees.  Within thirty (30) days after entry of the Preliminary Approval Order and Order Approving PAGA Settlement, Defendants shall provide to the Settlement Administrator a list of PAGA Releasees and Class Members that includes: (1) the names, last known addresses, last known personal telephone numbers (if known), and social security numbers of each Class Member/PAGA Releasee; (2) the total number of Class Pay Periods worked by each Class Member and the total number of PAGA Pay Periods worked by each PAGA Releasee; and (3) such other information that the Settlement Administrator requires to identify Class

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE                21.              CASE NO. 4:19-cv-02494-YGR

Members and PAGA Releasees. Defendants agree to provide the list in an electronic format reasonably acceptable to the Settlement Administrator. The Settlement Administrator will keep the list confidential, use it only for the purposes described herein, and return it to Defendants upon completion of the settlement administration process. The Settlement Administrator shall not share the list with Plaintiff, Class Counsel, or any other person without Defendants' written approval.

6.2    Individual Settlement Payment Calculation. Based on the information in the Class Member/PAGA Releasee list and the formula set forth in Paragraphs 3.1(c) and 3.1(f) above, the Settlement Administrator shall promptly calculate the estimated PAGA Settlement Check for every PAGA Releasee and the estimated Individual Settlement Payment for every Class Member, to be included in the individualized Class Notice to be sent to that Class Member and/or PAGA Releasee, and shall prepare and e-mail a spreadsheet setting forth those calculations to Defense Counsel no fewer than five (5) days before mailing the Class Notice to Class Members and PAGA Releasees. The Class Notice will inform each Class Member and/or PAGA Releasee of his/her right to opt out of the non-PAGA payment and release of non-PAGA claims or to object to the non-PAGA payment and release of non-PAGA claims. It will also inform Class Members that if they first request exclusion from, and opt out of, the Class Settlement and then object, the objections would not be considered valid and that if the Class Members object and then request exclusion from, and opt out of the Class Settlement, the Class Members would be deemed to have waived their objection.

6.3    Notice Procedure. Within fifteen (15) days after receipt of the list of Class Members/PAGA Releasees described in Paragraph 6.1 above, the Settlement Administrator shall mail the Class Notices to each Class Member/PAGA Releasee whose address information is known. Prior to this mailing, the Settlement Administrator shall conduct a National Change of Address check as to each address. The mailing shall be sent by first-class U.S. Mail, postage pre-paid. The date that the Settlement Administrator mails the Class Notices is the Mailing Date. It shall be conclusively presumed that each and every Class Member/PAGA Releasee whose Class Notice are not returned to the Settlement Administrator as undeliverable within thirty (30) calendar days after the Mailing Date has received the Class Notices.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

22.

CASE NO.  4:19-cv-02494-YGR

(a)      The Settlement Administrator shall promptly re-mail any Class Notice returned by the Post Office with a forwarding address. It shall be conclusively presumed that those Class Members/PAGA Releasees whose re-mailed Class Notice are not returned to the Settlement Administrator as undeliverable within thirty (30) days after re-mailing has received the Class Notice.

(b)      The Settlement Administrator shall conduct one additional address search/check via an appropriate skip tracing search for any Class Notice returned by the Post Office as "undeliverable." If an updated address is found, the Settlement Administrator shall promptly re-mail the Class Notice to that address one time.

(c)      Class Counsel shall provide to the Court, at or before the Final Approval Hearing, a declaration from the Settlement Administrator confirming that the Class Notices were mailed to all Class Members/PAGA Releasees as required by this Agreement, as well as any additional information Class Counsel and Defense Counsel both deem appropriate to provide to the Court.

(d)      The Class Notice shall state the formula to be used in calculating Individual Settlement Payments and PAGA Payment Checks as calculated by the Settlement Administrator. A Plaintiff Class Member and/or PAGA Releasee may seek to challenge his or her estimated Individual Settlement Payment and PAGA Payment Check amount set forth in his or her Class Notice.  Such challenges must: (i) be in writing; (ii) state the full name of the Class Member/PAGA Releasee seeking the challenge; (iii) include a statement that the Class Member/PAGA Releasee is seeking to challenge his or her estimated Individual Settlement Payment and/or PAGA Payment Check set forth in the Class Notice; (iv) state the number of Class Pay Periods and/or PAGA Pay Periods that the Class Member/PAGA Releasee believes he or she has worked; (v) include documentation to support the challenge; (vi) signed by the Class Member/PAGA Releasee seeking the challenge; and (vii) mailed to the Settlement Administrator with a postmark date on or before the expiration of the Notice Period. A Plaintiff Class Member and/or PAGA Releasee challenging his or her Individual Settlement Payment amount and/or PAGA Payment Check amount must produce documentary evidence to the Settlement Administrator for consideration and/or challenge. The Settlement Administrator will resolve the challenge with input from Class Counsel and Defense Counsel and make a final and binding determination without hearing or right of appeal. The personnel records, including payroll

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT          23.          CASE NO.  4:19-cv-02494-YGR
AGREEMENT AND RELEASE

records, of Defendants shall be considered by the Settlement Administrator as the presumptive best evidence of the number of Class Pay Periods and PAGA Pay Periods worked.

(e)     The Class Notice shall explain that if a Class Member does not opt out of the Class Settlement, such Class Member will receive the Individual Settlement Payment pursuant to the terms of this Agreement. The Parties intend that reasonable means be used to maximize the probability that all Class Members shall receive the Class Notice.

(f)     Within ten (10) days after the close of the Notice Period, the Settlement Administrator will provide Defense Counsel with a report by name and last four digits of Social Security Number listing the amount of all Individual Settlement Payments to be made to the Plaintiff Class Members, the amount of all PAGA Payment Checks to be made to the PAGA Releasees, a list by name of all Class Members who timely opted out under Paragraph 6.5, below, and a list by name of all Plaintiff Class Members who timely objected under Paragraph 6.7 below. Within that same time period, the Settlement Administrator will provide to Class Counsel a report stating the total number of Plaintiff Class Members, the total number of Class Members who timely opted out under Paragraph 6.5, below and the total number of Plaintiff Class Members who timely objected under Paragraph 6.7 below.

6.4     Class Settlement Payment. Any Class Member who wishes to become a Plaintiff Class Member and receive an Individual Settlement Payment must not opt out of the Class.

6.5     Opt-Out Procedure. Any Class Member who wishes to be excluded from the Class Settlement may seek exclusion under this Paragraph. However, no PAGA Releasee can seek exclusion from the PAGA portion of the settlement. Unless a Class Member timely and properly opts out of the Class Settlement described in this Agreement, he/she/they shall be a Plaintiff Class Member and shall be bound by all the terms and conditions of this Agreement, and shall also be bound by the Court's Order enjoining all Plaintiff Class Members from pursuing, or seeking to reopen, any of the Settled Claims against the Released Parties. A Class Member will not be entitled to opt out of the Class Settlement established by this Agreement unless he or she submits a timely Opt-Out Request as provided in this Paragraph. An Opt-Out Request must be: (i) made in writing; (ii) state the full name of the Class Member seeking exclusion; (iii) include a statement that the Class Member seeking

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

24.

CASE NO. 4:19-cv-02494-YGR

exclusion from the Settlement requests exclusion from the Class and does not wish to participate in the Class Settlement; (iv) signed by the Class Member seeking exclusion from the Settlement; and (v) mailed to the Settlement Administrator with a postmark date on or before the expiration of the Notice Period.

The Opt-Out Request must be completed by the Class Member seeking exclusion from the Class Settlement. Any Class Member who properly submits a timely, complete and valid Opt-Out Request using this procedure will not be entitled to an Individual Settlement Payment and will not be bound by the Settlement or have any right to object, appeal or comment thereon, except that a Class Member that is also a PAGA Releasee will be bound by the release of PAGA Claims set forth in this Agreement and will be issued the PAGA Releasee's PAGA Payment Check.

PAGA Releasees will not have the opportunity to opt out or object to the PAGA Payment and/or release of PAGA Claims although the PAGA Settlement will be subject to Court approval.

(a)     Upon receipt of any Opt-Out Request within the Notice Period, the Settlement Administrator shall review the request to verify the information contained therein, and to confirm that the request complies with the requirements of this Agreement.

(b)     Any Class Member who fails to submit a timely, complete and valid Opt-Out Request shall be barred from opting out of this Agreement or the Settlement. The Settlement Administrator shall not review or consider any Opt-Out Request postmarked after the end of the Notice Period. It shall be conclusively presumed that, if an Opt-Out Request is not postmarked on or before the end of the Notice Period, or is not received by the Settlement Administrator, the Class Member did not make the request in a timely or valid manner. Under no circumstances shall the Settlement Administrator have the authority to extend the deadline for Class Members to submit an Opt-Out Request.

(c)     The Settlement Administrator shall give Class Counsel and Defense Counsel a weekly update on the number of Opt-Out Requests it receives that week.

6.6     <u>Excessive Opt-Out Requests</u>. If twenty (20) or more Class Members timely opt out of the Class Settlement, Defendants shall have the sole and absolute discretion to rescind/void the Settlement within twenty (20) days after receiving from the Settlement Administrator the final list of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT          25.          CASE NO. 4:19-cv-02494-YGR
AGREEMENT AND RELEASE

opt-outs. In the event that Defendants elect to rescind/void the Settlement Agreement, Defendants shall provide written notice of such rescission to Class Counsel. Such rescission shall have the same effect as a termination of the Settlement Agreement for failure to satisfy a condition of settlement, and the Settlement Agreement shall become null and void and have no further force or effect, and the Settlement Class certified pursuant to the Settlement Agreement will be decertified for all purposes. If Defendants choose to terminate the Settlement Agreement under this provision, it shall be responsible to pay the Settlement Administrator's fees and costs incurred to that point.

6.7   <u>Objections to Class Settlement</u>.  Any Plaintiff Class Member may object to the Class Settlement. Plaintiff Class Members who wish to object must send their written objections to the Court only by the close of the Notice Period. All objections will be scanned into the electronic case docket and the Parties will receive electronic notices of filing. An objection must state the specific grounds on which it is being made and all supporting facts. The Class Notice will state in substance:

> Any member of the Class who has not opted out can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

> You may object to the proposed settlement in writing, except you may not object to the PAGA Payment and release of PAGA Claims. You may also appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case and number (*Stonehocker v. Kindred Healthcare Operating, LLC*, Case No. 4:19-cv-02494-YGR), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [insert date of the close of the Notice Period]. Class Members who fail to timely mail or file such a written statement of objection shall be foreclosed from making any objection to this Settlement.

Class Members who fail to timely file and serve such a written statement of objection shall be foreclosed from making any objection to this Settlement. Only Plaintiff Class Members may object to the Class Settlement. If an objector intends to appear at the Final Approval Hearing, either in person or through an attorney of his/her choice, he or she must also serve and file with his or her objection, a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

26.

CASE NO.  4:19-cv-02494-YGR

Notice of Intention to Appear. This Paragraph shall be strictly applied and enforced. Failure to comply with its terms shall render an objection ineffective and waived.

6.8     <u>Funding and Distribution of Settlement</u>.  Within twenty (20) calendar days after the Effective Date, Defendants shall transfer to the Settlement Administrator an amount equal to the Gross Settlement Fund plus its share of the Employer's Taxes. The delivery of the Gross Settlement Fund to the Settlement Administrator plus Defendants' share of Employer's Taxes shall constitute full and complete discharge of the entire obligation of Defendants under this Agreement. Once Defendants have made such payments, they will be deemed to have satisfied all terms and conditions under this Agreement, shall be entitled to all protections afforded to Defendants under this Agreement, and shall have no further obligations under the terms of the Agreement regardless of what occurs with respect to those sums.  Additionally, no Released Party shall have any further obligation or liability to the Plaintiff, PAGA Releases, or Class Members under this Agreement.

(a)     The distribution of the PAGA Payments to the LWDA and PAGA Releasees and Individual Settlement Payments to Plaintiff Class Members shall occur on the Settlement Proceeds Distribution Deadline. The Settlement Administrator shall be deemed to have timely distributed all such payments if it places in the mail Individual Settlement Payments for all Plaintiff Class Members and the PAGA Payments to the PAGA Releasees and the LWDA by the Settlement Proceeds Distribution Deadline. No person shall have any claim against the Settlement Administrator, Defendants, Class Counsel, Defense Counsel, or any other agent designated by Plaintiff or Defendants based upon the distribution of Individual Settlement Payments and the PAGA Payments made substantially in accordance with this Agreement or further orders of the Court.

(b)     The Individual Settlement Payments shall be paid to each Plaintiff Class Member by way of a single check.  Each Individual Settlement Payment check will contain language in substantially the following form: "I understand that by cashing, depositing, or otherwise negotiating this check I will be deemed to have opted into *Sarah Stonehocker, on behalf of herself and all others similarly situated, vs. Kindred Healthcare Operating, LLC et al.*, Case No. 4:19-cv-02494-YGR for purposes of the federal Fair Labor Standards Act (FLSA) release to the extent required to do so under applicable law for purposes of the court-approved settlement therein."

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

27.

CASE NO. 4:19-cv-02494-YGR

(c)     PAGA Payment Check shall be paid to each PAGA Releasee by way of a single check.  The PAGA Payment Check represents the portion of the civil penalties awarded directly under PAGA.

(d)     Any settlement checks that are not claimed or not negotiated within ninety (90) days after distribution by the Settlement Administrator shall be void.  The Settlement Administrator shall send one reminder postcard to any settlement check recipients who did not claim or not negotiate their settlement checks within forty-five (45) days after distribution by the Settlement Administrator to claim and/or negotiate their settlement checks.  Any funds not distributed after the expiration of the settlement checks shall be paid to the Court-approved *cy pres* beneficiary of the Settlement.  The Parties agree to propose the First Responders Children's Foundation COVID-19 Emergency Response Fund as the *cy pres* beneficiary.

(e)     Except as otherwise stated in this Agreement, the Settlement Administrator's distribution of Class Counsel's Fees and Expenses and the Service Award from the Gross Settlement Fund shall occur on the Settlement Proceeds Distribution Deadline. Upon such payment, Defendants, the Released Parties, Defense Counsel, and the Settlement Administrator shall have no further liability or responsibility to Plaintiff, Class Counsel or to any vendors or third parties employed by the Plaintiff or Class Counsel.

(f)     Defendants shall not be obligated to make any payments contemplated by this Agreement until the conditions set forth in this Agreement occur.

6.9     <u>CAFA Notice</u>.  The Court's subject matter jurisdiction over the Action is based on CAFA. Pursuant to the requirements of the CAFA, within ten (10) days after this Settlement is filed in Court, Defendants will prepare a notice of the Settlement pursuant to CAFA and the Settlement Administrator will serve such notice to the United States Attorney General and appropriate state officials. The notice shall comply with the requirements of the CAFA.

## 7.     **COURT APPROVAL AND EFFECTIVE DATES**

7.1     <u>Binding Effect of Agreement on Class Members</u>.  Upon final Court approval of the Class Settlement, all Plaintiff Class Members shall be bound by this Agreement, and the Action and the Settled Claims shall be dismissed with prejudice and released as against the Released Parties to

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

28.

CASE NO.  4:19-cv-02494-YGR

the greatest extent permitted by law. In addition, unless a Class Member effectively opts out of the Settlement, he or she shall be bound by the Court's Order enjoining all Plaintiff Class Members from pursuing or seeking to reopen Settled Claims against the Released Parties to the greatest extent permitted by law.  Upon Court approval of the PAGA Payment and the release of the PAGA Claims, all PAGA Releasees shall be bound by the release of the PAGA Claims and the PAGA Claims shall be dismissed with prejudice and released as against all the Released Parties to the greatest extent permitted by law.

7.2     <u>Amendment of the Complaint</u>. Upon execution of this Agreement, Plaintiff shall promptly move to amend the First Amended Complaint to add Kindred Rehab Services, LLC, Kindred Rehab Services, Inc., RehabCare Group East, LLC, RehabCare Group East, Inc., American VitalCare LLC, and RehabCare Group of California, LLC as named defendants and add the following causes of action: (1) failure to provide compliant meal breaks; (2) failure to authorize and permit compliant rest breaks; (3) failure to furnish accurate wage statements; (4) failure to keep accurate employment records; (5) failure to pay wages when due; and (6) PAGA civil penalties.  A copy of the proposed Second Amended Complaint to be filed by Plaintiff is attached hereto as **Exhibit B**.

7.3     <u>Preliminary Approval and Order Approving PAGA Settlement</u>.  Upon execution of this Agreement, Plaintiff shall file a motion in the Action requesting that the Court enter a Preliminary Approval Order and Order Approving PAGA Settlement as follows:

(a)     Approving the PAGA Settlement, including the PAGA Payment, distribution plan of the PAGA Payment, and the release of the PAGA Claims set forth in this Agreement and preliminarily approving for settlement purposes only the remaining portions of the proposed Settlement;

(b)     Dismissing the PAGA Claims asserted in the Action with prejudice as to the Plaintiff and all PAGA Releasees and permanently enjoining all PAGA Releasees from pursuing or seeking to reopen the PAGA Claims against the Released Parties;

(c)     Preliminarily approving the appointment of the Plaintiff as representative of the Class for settlement purposes only;

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

29.

CASE NO. 4:19-cv-02494-YGR

(d)     Preliminarily approving the appointment of Class Counsel as counsel for the Class for settlement purposes only;

(e)     Appointing and approving the Settlement Administrator as chosen by the Parties and approved by the Court, to administer the claims and settlement payment procedures required by this Agreement;

(f)     Approving the form of the Class Notice, and requiring that individualized Class Notice be sent to Class Members and PAGA Releasees;

(g)     Approving the plan for the provision of notice to Class Members and PAGA Releasees, as stated herein and in the Class Notices;

(h)     Scheduling the Final Approval Hearing for consideration of class certification for settlement purposes and final approval of this Agreement;

(i)     Approving the procedure for Class Members and PAGA Releasees to challenge the estimated Individual Settlement Payment and PAGA Payment Check amount set forth in the Class Notice and the date after which no Class Member and PAGA Releasee shall be allowed to submit a challenge;

(j)     Approving the procedure for Class Members to opt out of the Class Settlement and the date after which no Class Member shall be allowed to submit a request to opt out; and

(k)     Approving the procedure for Plaintiff Class Members to object to the Class Settlement and the date after which no Class Member shall be allowed to object.

Plaintiff agrees to provide her motion for Preliminary Approval Order and Order Approving PAGA Settlement and the proposed order to her motion to Defendants for review as soon as is practicable.

7.4     <u>Non-Interference</u>.  The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Class Members to submit an Opt-Out Request or an objection to the Settlement or to appeal from the Preliminary Approval Order and Order Approving PAGA Settlement, Final Approval Order or Judgment.

7.5     <u>Final Approval Order and Judgment</u>.  Plaintiff (or Plaintiff jointly with Defendants) will request that the Court enter, after the Final Approval Hearing finally approving the Class

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

30.

CASE NO.  4:19-cv-02494-YGR

Settlement, a Final Approval Order and Judgment. Plaintiff (or Plaintiff jointly with Defendants) will request that the Final Approval Order certify the Class for settlement purposes; find that this Agreement is fair, just, equitable, reasonable, adequate and in the best interests of the Class; permanently enjoin all Plaintiff Class Members from pursuing or seeking to reopen Settled Claims against the Released Parties; and require the Parties to carry out the provisions of this Agreement. Plaintiff agrees to provide her motion for final approval of the class settlement and the proposed order to her motion to Defendants for review no later than seven (7) days before the filing date.

7.6 <u>Entry of Final Judgment</u>. Plaintiff (or Plaintiff jointly with Defendants) will request that the Court enter, after the Final Approval Hearing, a Final Approval Order and Judgment as agreed to by the Parties.

7.7 <u>Effective Date of Agreement</u>. The "Effective Date" of this Agreement shall be the latter of the last date by which all appeals of the Judgment could be filed or when actual appeals are exhausted such that the Judgment becomes final. The Effective Date is conditioned upon all of the following occurring:

(a) This Agreement has been signed by the Parties and Class Counsel;

(b) The Court has entered a Preliminary Approval Order and Order Approving PAGA Settlement consistent with this Agreement;

(c) The Court has entered an Order granting Plaintiff leave to file a Second Amended Complaint substantially similar to the Second Amended Complaint attached hereto as **Exhibit B** and the Second Amended Complaint is filed;

(d) The Class Notice has been mailed to the Class Members and PAGA Releasees as ordered by the Court in this Action;

(e) The Court has entered a Final Approval Order consistent with this Agreement;

(f) The Court has entered a Judgment dismissing the Action consistent with this Agreement; and

(g) Settlement Administrator has provided Defense Counsel with written wire/bank transfer instructions, including the Settlement Administrator's address, the bank name, bank address, account number, account name, ABA number, and SWIFT Code.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT          31.          CASE NO. 4:19-cv-02494-YGR
AGREEMENT AND RELEASE

7.8 <u>Automatic Voiding of Agreement if Settlement Not Finalized</u>. If for any reason the Settlement set forth in this Agreement does not become final, the Settlement shall be null and void and all orders, judgment, and dismissal entered pursuant to this Agreement shall be vacated, and the Parties will be returned to the status quo prior to entering this Agreement with respect to the Action, as if the Parties had never entered into this Agreement, and the settlement class certified pursuant to this Agreement will be decertified for all purposes. In addition, in such event, the Agreement (including all exhibits, drafts and related documents, papers, and communications) and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Agreement (including all exhibits, drafts and related documents, papers, and communications) and all negotiations shall not be admissible or discoverable in the Action or otherwise.

7.9 <u>Confidentiality and Non-Disparagement and Returning Documents</u>. The Parties agree that the terms of the Agreement shall be confidential until the filing of Plaintiff's Motion for Preliminary Approval Order and Order Approving PAGA Settlement. This confidentiality agreement shall not prevent any counsel from conferring with and advising clients who have retained them, provided that the clients agree to abide by this temporary confidentiality agreement.

(a) Plaintiff agrees that she shall not promote, or publicize the filing of this Action, the Parties' Settlement, this Agreement and its terms, or the negotiations leading to this Agreement with anyone other than the Court. Notwithstanding the foregoing, Plaintiff may disclose the terms of this Agreement to her spouse, Class Members, to those persons to whom disclosure is necessary for the preparation of tax returns and other financial reports, and to persons to whom disclosure is ordered by a court of competent jurisdiction or otherwise required by law. Plaintiff agrees that she may disclose the terms of the Settlement to her spouse, but only so long as she first obtains her spouse's express agreement to maintain that information in confidence.

(b) Plaintiff and Class Counsel agree that they will not issue any press releases, engage in any communications, or take any other action that would directly or indirectly provide the press or media or any litigation reporting service with information about this Action, this Agreement, or the Parties' Settlement or would otherwise enable or allow the press or other media or any litigation

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

32.

CASE NO.  4:19-cv-02494-YGR

reporting service to learn or obtain such information. Plaintiff and Class Counsel agree not to post any information concerning this Settlement on the internet or social media, including Facebook, Twitter, Instagram, LinkedIn, Snapchat.  Plaintiff and Class Counsel further agree that they will not post any information regarding this Agreement or the Settlement on their internet websites or take any such action that would cause or allow such information to be posted on any other internet website or on the web.

       7.10   <u>Invalidation of Agreement for Failure to Satisfy Conditions</u>.  The terms and provisions of this Agreement are not recitals, but are deemed to constitute contractual terms. In the event that any of the material terms or conditions set forth in this Agreement are not fully and completely satisfied, this Agreement shall terminate and all terms of the Agreement including, but not limited to, the conditional certification of the Class, the payment of Individual Settlement Amounts to Plaintiff Class Members, the payment of attorneys' fees and costs to Class Counsel, the Service Award to Plaintiff, and the payment of the PAGA Payment shall be null and void. In such event, nothing in this Agreement shall be used, construed or admissible as evidence by or against any Party or Released Party as a determination, admission, or concession of any issue of law or fact in this Action, or in any other proceeding for any purpose; and the Parties do not waive, and instead expressly reserve, their respective rights to prosecute and defend this Action as if this Agreement never existed. In addition, notwithstanding the generality of the foregoing, if this Agreement is terminated for failure to satisfy any of the terms or conditions of this Agreement, Defendants shall not be obligated to create or maintain any type of settlement fund, and shall not be obligated to pay any amount in the Gross Settlement Fund to any Class Member and/or PAGA Releasee, to Class Counsel, to the Settlement Administrator, to the State of California or to Plaintiff.

**8.**    **<u>GENERAL PROVISIONS</u>**

       8.1   <u>Notices</u>. All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing, and shall be delivered personally or by first class mail to the Settlement Administrator appointed by the Court and to counsel at their respective addresses as set forth below:

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

33.

CASE NO. 4:19-cv-02494-YGR

1

**CLASS COUNSEL**

2  MATTHEW D. CARLSON, Bar No. 273242
mdcarlson@mdcarlsonlaw.com

3  LAW OFFICE OF MATTHEW D. CARLSON
50 Fountain Plaza, Suite 1400, #206

4  Buffalo, NY  14202
Telephone:  (716) 242-1234

5
**DEFENSE COUNSEL**

6  ELIZABETH STAGGS WILSON

7  estaggs-wilson@littler.com
LITTLER MENDELSON, P.C.

8  633 West 5th Street, 63rd Floor
Los Angeles, California  90071

9  Telephone:  (213) 443.4300
Facsimile:  (213) 443.4299

10

11  LISA LIN GARCIA
llgarcia@littler.com

12  ALICE WANG
awang@littler.com

13  LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor

14  San Francisco, CA 94104.2842
Telephone: (415) 433-1940

15  Facsimile: (415) 399-8490

16       8.2    <u>Nullification of Settlement Agreement</u>.  In the event: (1) the Court does not enter the

17  Preliminary Approval Order and Order Approving the PAGA Settlement as provided herein; (2) the

18  Court does not enter a Final Approval Order as provided herein; (3) the Settlement does not become

19  final for any other reason; or (4) Judgment is not entered by the Court dismissing the Action, including

20  all Settled Claims as to all Plaintiff Class Members with prejudice and PAGA Claims as to all PAGA

21  Releasees with prejudice, this Settlement Agreement shall be null and void and any order entered by

22  the Court in furtherance of this Settlement shall be treated as void from the beginning.  In such case,

23  the Parties shall be returned to their respective statuses as of the date and time immediately prior to

24  the execution of this Settlement Agreement and the Parties shall proceed in all respects as if this

25  Settlement Agreement had not been executed.

26       8.3    <u>Exhibits and Headings</u>.  The terms of this Settlement Agreement include the terms set

27  forth in the attached Exhibits A, B and C, which are incorporated by this reference as though fully set

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

34.

CASE NO.  4:19-cv-02494-YGR

forth herein. The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for convenience only and do not constitute a part of this Settlement Agreement.

8.4     Interim Stay of Proceedings/Reservation of Jurisdiction.  The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

8.5     Amendment or Modification. This Settlement Agreement may be amended or modified only by a written instrument signed by Defense and Class Counsel or their successors-in-interest.

8.6     Entire Agreement.  This Agreement constitutes the full, complete and entire understanding, agreement and arrangement between the Plaintiff, the Class Members and the PAGA Releasees on the one hand, and Defendants on the other hand, with respect to the Settlement of the Action, the Settled Claims and the PAGA Claims against the Released Parties. This Agreement supersedes any and all prior oral or written understandings, agreements and arrangements between the Parties with respect to the Settlement of the Action, the Settled Claims and the PAGA Claims against the Released Persons, including the Memorandum of Understanding reached on May 20, 2020 and executed by the Parties thereafter.  Except for those set forth expressly in this Agreement, there are no other agreements, covenants, promises, representations or arrangements between the Parties with respect to the Settlement of the Action, the Settled Claims and the PAGA Claims against the Released Parties. The Parties explicitly recognize California Civil Code section 1625 and California Code of Civil Procedure section 1856(a), which provide that a written agreement is to be construed according to its terms, and may not be varied or contradicted by extrinsic evidence, and agree that no such extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.  The Settlement and this Agreement shall have no impact on the validity or enforceability of the Dispute Resolution Agreements entered by the Class Members, and the settlement shall not prejudice Defendants or the Released Parties from seeking to enforce such Dispute Resolution Agreements.

8.7     Authorization to Enter Into Settlement Agreement.  The person or persons signing this Settlement Agreement on behalf of Defendants represent and warrant that he/she/they are authorized to sign this Settlement Agreement on behalf of Defendants.  Plaintiff represents and warrants that she

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

35.

CASE NO.  4:19-cv-02494-YGR

is authorized to sign this Settlement Agreement and that she has not assigned any Claim covered by this Settlement to a third-party. Plaintiff, by signing this Settlement Agreement, is bound by the terms herein and further agrees not to submit any Request for Exclusion from or Notice of Objection to the Settlement. Any such Request for Exclusion or Notice of Objection shall therefore be void and of no force or effect.

8.8    Signature of all Class Members Unnecessary to be Binding. The Parties agree that because the Class Members are numerous, it is impossible or impractical to have each Class Member execute this Agreement. The Notice will advise all Class Members of the binding nature of the release provided herein and shall have the same force and effect as if the Agreement were executed by each Class Member. The only Class Members who will not be bound by the terms of this Agreement are those who submit a timely and valid Request for Exclusion.

8.9    Binding on Successors and Assigns. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

8.10    Captions. The captions and section and paragraph numbers in this Agreement are inserted for the reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the provisions of this Agreement.

8.11    California Law Governs. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of California.

8.12    Publicity. Plaintiff and Class Counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any inquiry from the press about this case, or otherwise publicize this Action, the facts of this Action, or the outcome of the mediation or Settlement. With the exception of a general description of the case and total settlement amount, with no party identifying information, Plaintiff and Class Counsel also agree not to publish the terms of the settlement or any related information on their website(s), for advertising purposes and/or in publication materials generally available to the public. This provision shall not prevent Class Counsel from referring to this Settlement in court-filed "adequacy of counsel" showings in other class and representative actions.

8.13    Mutual Cooperation. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

36.

CASE NO. 4:19-cv-02494-YGR

such other action as may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all reasonable efforts contemplated by this Agreement and any other reasonable efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.

8.14    <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, this Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

8.15    <u>Severability</u>. The Parties to this Agreement agree, covenant, and represent that each and every provision of this Agreement shall be deemed to be contractual, and that they shall not be treated as mere recitals at any time or for any purpose. Therefore, the Parties further agree, covenant, and represent that each and every provision of this Agreement shall be considered severable, except for the release provisions of Paragraphs 4.3 and 4.4 of this Agreement. If a court of competent jurisdiction finds the release provisions of Paragraphs 4.3 or 4.4 of this Agreement to be unenforceable or invalid as against a Class Member/PAGA Releasee, then this Agreement shall become voidable and the payments made pursuant to this Agreement to that Class Member/PAGA Releasee shall be returned to Defendants by that Class Member/PAGA Releasee as to whom the release provisions have been found unenforceable or invalid. If a court of competent jurisdiction finds any provision, other than the release provisions of Paragraphs 4.3 and 4.4, or part thereof to be invalid or unenforceable for any reason, that provision, or part thereof, shall be severed from the Agreement, and all of the remaining provisions of this Agreement shall remain in full force and effect.

8.16    <u>Warranties and Representations</u>. With respect to themselves, each of the Parties to this Agreement and or their agent or counsel represents, covenants and warrants that (a) they have full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery and performance of this Agreement; and (b) the person executing this Agreement has the full right, power and authority to enter into this Agreement on behalf of the party for whom he/she has executed this Agreement, and the full right, power and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

37.

CASE NO.  4:19-cv-02494-YGR

authority to execute any and all necessary instruments in connection herewith, and to fully bind such party to the terms and obligations of this Agreement.

8.17    Representation by Counsel. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, Plaintiff and Class Counsel warrant and represent that there are no liens on the Agreement, and that Defendants may distribute funds to the Plaintiff Class Members, the PAGA Releasees, Class Counsel, and Plaintiff as provided by this Agreement.

8.18    Action to Enforce Agreement. In any suit or court action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover his, her, its, or their attorneys' fees and costs.

8.19    Authorization by Plaintiff. Plaintiff authorizes Class Counsel to sign this Agreement and further agrees not to request to be excluded from the Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

8.20    Counterparts. This Settlement Agreement shall become effective upon its execution by all of the undersigned.   Plaintiff, Class Counsel and Defendants may execute this Settlement Agreement in counterparts, which shall have the same force and effect as if each had signed the same instrument.  All executed copies of this Agreement, and photocopies thereof (including facsimile and PDF copies of the signature pages) shall have the same force and effect and shall be as legally binding and enforceable as the original.

IN WITNESS WHEREOF, the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives. The date of the Agreement shall be the date of the latest signature.

//

//

//

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT          38.          CASE NO. 4:19-cv-02494-YGR
AGREEMENT AND RELEASE

DocuSign Envelope ID: B2CB6D94-7770-45D7-91FF-E767DA099864

IT IS SO STIPULATED AND AGREED:

Dated: October ___2___, 2020

DocuSigned by:

_____
—F15AD52EF1A54E3...

SARAH STONEHOCKER

Dated: October _____, 2020

By: _____

DEIDRA BYRD
ON BEHALF OF KINDRED
HEALTHCARE OPERATING, LLC,
KINDRED REHAB SERVICES, LLC,
KINDRED REHAB SERVICES, INC.,
REHABCARE GROUP EAST, LLC,
REHABCARE GROUP EAST, INC.,
AMERICAN VITALCARE LLC, and
REHABCARE GROUP OF CALIFORNIA,
LLC

Dated: October _____, 2020

_____

ELIZABETH STAGGS-WILSON
LISA LIN GARCIA
ALICE H. WANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
KINDRED HEALTHCARE OPERATING, LLC,
KINDRED REHAB SERVICES, LLC,
KINDRED REHAB SERVICES, INC.,
REHABCARE GROUP EAST, LLC,
REHABCARE GROUP EAST, INC.,
AMERICAN VITALCARE LLC, and
REHABCARE GROUP OF CALIFORNIA, LLC

Dated: October __2__, 2020

_____

MATTHEW D. CARLSON
LAW OFFICE OF MATTHEW D. CARLSON
Attorneys for Plaintiff
SARAH STONEHOCKER

4831-8333-3571.12

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

39.

CASE NO.  4:19-cv-02494-YGR

IT IS SO STIPULATED AND AGREED:

Dated: October _____, 2020

_____
SARAH STONEHOCKER

Dated: October **2**, 2020

By: _____
DEIDRA BYRD
ON BEHALF OF KINDRED
HEALTHCARE OPERATING, LLC,
KINDRED REHAB SERVICES, LLC,
KINDRED REHAB SERVICES, INC.,
REHABCARE GROUP EAST, LLC,
REHABCARE GROUP EAST, INC.,
AMERICAN VITALCARE LLC, and
REHABCARE GROUP OF CALIFORNIA,
LLC

Dated:  October ___2___, 2020

_____
ELIZABETH STAGGS-WILSON
LISA LIN GARCIA
ALICE H. WANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
KINDRED HEALTHCARE OPERATING, LLC,
KINDRED REHAB SERVICES, LLC,
KINDRED REHAB SERVICES, INC.,
REHABCARE GROUP EAST, LLC,
REHABCARE GROUP EAST, INC.,
AMERICAN VITALCARE LLC, and
REHABCARE GROUP OF CALIFORNIA, LLC

Dated:  October ____, 2020

_____
MATTHEW D. CARLSON
LAW OFFICE OF MATTHEW D. CARLSON
Attorneys for Plaintiff
SARAH STONEHOCKER

4831-8333-3571.12

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION AND CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
AGREEMENT AND RELEASE

39.

CASE NO. 4:19-cv-02494-YGR

# Exhibit A

## EXHIBIT A

**Skilled Clinician Positions:**

| |
|---|
| CERT OCCUP THERA ASST PRN |
| CERT OCCUP THERAPY ASST |
| OCCUPATIONAL THER PRN |
| OCCUPATIONAL THERAPIST |
| LEAD RT - VITALCARE |
| PHYSICAL THERAPIST |
| PHYSICAL THERAPIST PRN |
| PHYSICAL THERAPY ASST |
| PHYSICAL THERAPY ASST PRN |
| PROGRAM DIR I SLP |
| PROGRAM DIRECTOR I |
| PROGRAM DIRECTOR I COTA |
| PROGRAM DIRECTOR I OT |
| PROGRAM DIRECTOR I PT |
| PROGRAM DIRECTOR I PTA |
| PROGRAM DIRECTOR I SLP |
| RCL OT |
| RCL OTA |
| RCL PT |
| RCL PTA |
| RCL SLP |
| REHAB COORD OT |
| REHAB COORD OT PRN |
| REHAB COORD PT |
| REHAB COORD PT PRN |
| REHAB COORD PTA |
| REHAB COORD SLP |
| REHAB COORD SLP PRN |
| RESPIRATORY THERAPIST |
| RESPIRATORY THERAPIST PRN |
| RESPIRATORY THERAPIST - VC |
| SP LANG PATHOLOGIST PRN |
| SPEECH LANG PATH CFY |
| SPEECH LANG PATH CFY PRN |
| SPEECH LANG PATH PRN |
| SPEECH LANG PATHOLOGIST |

# EXHIBIT 2

# NOTICE OF PAGA AND CLASS ACTION SETTLEMENT
## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH STONEHOCKER, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br>KINDRED HEALTHCARE OPERATING, LLC, KINDRED REHAB SERVICES, LLC, KINDRED REHAB SERVICES, INC., REHABCARE GROUP EAST, LLC, REHABCARE GROUP EAST, INC., REHABCARE GROUP OF CALIFORNIA, LLC, AMERICAN VITALCARE LLC and DOES 1 through 25 inclusive,<br><br>        Defendants. | CASE NO.: 4:19-cv-02494-YGR<br><br>**NOTICE OF PAGA AND CLASS ACTION SETTLEMENT** |

<<FIRST AND LAST NAME>>
<<ADDRESS>>
<<CITY AND ZIP CODE>>

---

**To:** All persons who are or were employed by Defendants Kindred Healthcare Operating, LLC, Kindred Rehab Services, LLC, Kindred Rehab Services, Inc., RehabCare Group East, LLC, RehabCare Group East, Inc., American VitalCare LLC or RehabCare Group of California, LLC as non-exempt Skilled Clinicians at a skilled nursing facility in California at any time from February 14, 2015 through September 1, 2020.

---

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED. YOU MAY BE ENTITLED TO RECEIVE MONEY FROM THIS PROPOSED SETTLEMENT.

**TO RECEIVE YOUR SHARE OF THIS SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING.**

This Notice is Court Approved. This is not a solicitation from an attorney.

- A settlement will provide a total of $1,995,000 to settle claims on behalf of skilled clinicians in California that Defendants Kindred Healthcare Operating, LLC, Kindred Rehab Services, LLC, Kindred Rehab Services, Inc., RehabCare Group East, LLC, RehabCare Group East, Inc., American VitalCare, LLC and RehabCare Group of California, LLC (collectively, "Defendants") violated certain provisions of California's Labor Code.

1

- The two sides disagree about the merits of the lawsuit, and Defendants vigorously deny all allegations of wrongdoing and maintain that they complied at all times with applicable laws, rules, and regulations at issue in this litigation. In light of the risk and expense of proceeding to trial, the parties believe that this is a fair settlement of claims.

- Your legal rights are affected whether you act or do not act, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing And Receive A Settlement Payment | **Stay in this lawsuit.  Receive your share of the settlement money.  Give up certain rights.**<br><br>If you do nothing, and the Court approves the settlement, you will be bound by the terms of the settlement and the release, and you will receive money under the settlement in the mail. **Sections 6 and 7 of this Notice explain how much money you may receive under the settlement.** |
| Exclude Yourself | **Request to be excluded from the class settlement.  Get no benefits or money from the class portion of the settlement.  Keep certain rights.**<br><br>If you affirmatively submit a written request to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from the class portion of this settlement that is described in Section 7 below.  However, you would be free to pursue certain claims separately against Defendants.  The steps to exclude yourself are explained below.<br><br>If you are a PAGA Releasee, you will not have the opportunity to opt out of the PAGA Payment and release of the PAGA Claims.  The PAGA Releasees are bound by the release of the PAGA Claims regardless of whether they cash their PAGA Payment Check.  For more information, please see Section 6 below concerning the PAGA settlement. |
| Object | **Submit a written objection to the Court.**<br><br>If you wish to challenge the terms of the settlement, you may file a written objection with the Court, setting forth the reasons why you oppose the settlement.  If you filed a written objection, you may also appear in Court and explain why you do not like the settlement or use an attorney to appear for you, at your own expense.  If the Court agrees with your objection, the parties can choose whether to withdraw the settlement or change its terms.  If the Court rejects your objection, you will be entitled to participate in the settlement.  You cannot both ask to be excluded from the settlement *and* object to the settlement. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court overseeing this case has approved the PAGA portion of the settlement and still has to decide whether to grant final approval of the class portion of the settlement. Payments will be made only if the Court grants final approval of the class portion of the settlement and if there are any appeals, after all appeals are resolved.

**DEFENDANTS WILL NOT RETALIATE AGAINST YOU FOR YOUR DECISION TO PARTICIPATE IN THE SETTLEMENT, DO NOTHING, ASK TO BE EXCLUDED/OPT OUT, OR OBJECT TO THE SETTLEMENT.**

<u>**WHAT THIS NOTICE CONTAINS**</u>

PAGE(S)

1.   WHY DID I GET THIS NOTICE?............................................................4

2.   WHAT IS THE ACTION ABOUT? .........................................................4

3.   WHAT IS A CLASS ACTION? ...............................................................5

4.   WHO IS INCLUDED IN THE SETTLEMENT CLASS?.......................................5-6

5.   WHAT ARE THE BENEFITS OF SETTLEMENT TO THE CLASS?..................6

6.   WHAT ARE THE TERMS OF THE PAGA SETTLEMENT?...............................6-7

7.   WHAT ARE THE TERMS OF THE CLASS PORTION OF THE SETTLEMENT? ...................................................................................7

8.   WHAT DO I NEED TO DO TO RECEIVE A SETTLEMENT PAYMENT?.........8-9

9.   HOW DOES THE SETTLEMENT AFFECT MY RIGHTS?...................................9-10

10.   WHAT IF I DON'T WANT TO PARTICIPATE IN THIS SETTLEMENT?..........10-11

11.   WHAT IF I WANT TO OBJECT TO THIS SETTLEMENT?................................11

12.   WILL THE NAMED PLAINTIFF BE COMPENSATED FOR BRINGING THIS LAWSUIT?....................................................................11

13.   DO I HAVE A LAWYER IN THIS CASE?...............................................11-12

14.   WHAT IS THE FINAL APPROVAL HEARING?....................................................12

15.   WHEN AND WHERE IS THE FINAL APPROVAL HEARING?........................12

16.   MAY I SPEAK AT THE FINAL APPROVAL HEARING?...................................12

17.   HOW DO I GET MORE INFORMATION?................................................................13

18.   WHAT IF MY INFORMATION CHANGES?.........................................................13

| 1. | WHY DID I GET THIS NOTICE? |
|---|---|

You received this Notice because a proposed settlement (the "Settlement") has been reached in the class action and representative lawsuit entitled *Sarah Stonehocker, on behalf of herself and all others similarly situated, vs. Kindred Healthcare Operating, LLC, et al.* which is pending in the United States District Court for the Northern District of California as Case No. 4:19-cv-02494-YGR (the "Action").

The Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement, see Section 17, below.

| 2. | WHAT IS THE ACTION ABOUT? |
|---|---|

This Action alleges that Defendants Kindred Healthcare Operating, LLC, Kindred Rehab Services, LLC, Kindred Rehab Services, Inc., RehabCare Group East, LLC, RehabCare Group East, Inc., American VitalCare, LLC and RehabCare Group of California, LLC (collectively referred to as "Defendants") violated applicable provisions of the California Labor Code, the California Business and Professions Code and the California Industrial Welfare Commission's (the "IWC") Wage Orders including the following:  (1) **Failure to Pay Minimum Wage, Straight Time and/or Overtime Wages** [Cal. Labor Code §§ 510, 1194, 1197, 1198; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (2) **Failure to Furnish Accurate Wage Statements** [Cal. Labor Code § 226]; (3) **Failure to Provide Compliant Meal Periods** [California Labor Code §§ 226.7 and 512; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (4) **Failure to Authorize and Permit Compliant Rest Periods** [California Labor Code § 226.7 and Wage Order Nos. 4 and 5; and corresponding California Code of Regulations]; (5) **Failure to Pay Wages When Due** [California Labor Code §§ 201, 202, 203 and 204] (6) **Failure to Keep Accurate Employment Records** [California Labor Code §§ 226, 1174, 1174.5; Wage Order Nos. 4 and 5; and corresponding California Code of Regulations] (7) **Unlawful, Unfair, or Fraudulent Business Practices** [California Business & Professions Code § 17200 *et seq.*]; and (8) **Penalties Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA")** [California Labor Code § 2698 *et seq.*].

Defendants deny all allegations of wrongdoing and maintain that they complied at all times with applicable laws, rules, and regulations at issue in this litigation.

The Parties engaged in contested litigation, including discovery of hundreds of pages of documents over the Class Period, including documents and information concerning Defendants' timekeeping; meal period and rest break policies; Defendants' communications, training materials, procedures for managing payment for all hours worked; and time and payroll data. The Parties engaged in motion practice before the Court, and participated in extensive settlement negotiations, including a private mediation. Those negotiations led to an agreement to settle the case, which was memorialized in a formal Joint Stipulation and Class and Representative Action Settlement Agreement and Release. The Court has approved the PAGA portion of the Settlement and preliminarily approved the Class portion of the Settlement. The Court has not ruled on the merits of the lawsuit.

4

| 3. | WHAT IS A CLASS ACTION? |
|---|---|

In a class action lawsuit, one or more persons sue on behalf of other people who have similar claims.  Plaintiff Sarah Stonehocker ("Plaintiff") is the person who is bringing this Action on your behalf and on behalf of other similarly situated employees.

In the Action, Plaintiff seeks to represent you on a class basis.  A class action allows the Court to resolve the claims of all the members of the Class at the same time.  A class member is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file his or her own lawsuit on the same claims that were decided in the class action.  A class action allows one court to resolve all of the issues in a lawsuit for all the members of the Class who choose not to exclude themselves from the class.

| 4. | WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
|---|---|

All persons who are or were employed by one or more Defendants as non-exempt Skilled Clinicians at a skilled nursing facility in California at any time from February 14, 2015 through September 1, 2020 (the "Class").  The period from February 14, 2015 through September 1, 2020 is the "Class Period."  The term "Skilled Clinicians" mean all individual who have held one or more of the following positions:

| | | | | | | |
|---|---|---|---|---|---|---|
| Occupational Therapist | Respiratory Therapist | Physical Therapist | Speech Lang Pathologist | Program Director I | Rehab Coord OT | RCL OT |
| Occupational Ther PRN | Respiratory Therapist PRN | Physical Therapist PRN | SP Lang Pathologist PRN | Program Director I COTA | Rehab Coord OT PRN | RCL OTA |
| Cert Occup Therapy Asst | Respiratory Therapist – VC | Physical Therapy Asst | Speech Lang Path PRN | Program Director I OT | Rehab Coord PT | RCL PT |
| Cert Occup Thera Asst PRN | Lead RT – Vitalcare | Physical Therapy Asst PRN | Speech Lang Path CFY | Program Director I PT | Rehab Coord PT PRN | RCL PTA |
| | | | Speech Lang Path CFY PRN | Program Director I PTA | Rehab Coord PTA | RCL SLP |
| | | | | Program Director I SLP | Rehab Coord SLP | |
| | | | | Program Dir I SLP | Rehab Coord SLP PRN | |

The identities of the members of the Class have been ascertained from records of Defendants. You are receiving this Notice because such records show that you are a member of the Class.

| 5. | WHAT ARE THE BENEFITS OF SETTLEMENT TO THE CLASS? |

Plaintiff, on one hand, and Defendants, on the other hand, disagree as to whether there is any liability, including but not limited to: (1) whether the case is appropriate for treatment as a class or representative action; (2) whether the settlement Class is owed any unpaid wages, premiums, or penalties; and (3) the amount of unpaid wages, premiums, or penalties owed, if any. Defendants raised numerous defenses to Plaintiff's claims and those defenses could significantly reduce or even eliminate any liability or damages owed to the Class.  Accordingly, there were significant risks to the Class associated with continuing the lawsuit and significant benefits to settling the lawsuit short of trial. The Settlement was negotiated by the Parties after thorough examination of time and payroll records. Having considered the benefits and risks associated with further litigation, counsel for Plaintiff ("Class Counsel") determined that settlement of the case under the terms described in this Notice is a fair and reasonable compromise that is in the best interests of the Class. Finally, there was a hearing on November 10, 2020 in the United States District Court in the Northern District of California, and thereafter, on [INSERT DATE], the Court approved the PAGA portion of the Settlement and preliminarily approved the Class portion of the Settlement as being fair and reasonable to the members of the Class.

| 6. | WHAT ARE THE TERMS OF THE PAGA SETTLEMENT? |

In bringing this lawsuit, Plaintiff is seeking, among other things, civil penalties pursuant to the Labor Code Private Attorneys General Act ("PAGA"), a law which allows Plaintiff to stand in the shoes of the government and try and recover penalties on the government's behalf and on behalf of those employees Plaintiff claims were "aggrieved" by Defendants' alleged violation of California Labor laws, including claims for unpaid wages (including minimum, regular and overtime wages), untimely wage payments both during and at the end of employment, non-compliant meal periods, non-compliant rest periods, non-compliant wage statements and employment records, and failure to pay penalties (including but not limited to waiting time and wage statement penalties) in connection with work performed by all persons who are or were employed by one or more Defendants as non-exempt Skilled Clinicians to work at a skilled nursing facility in California at any time from February 14, 2018 through September 1, 2020 (the "PAGA Releasees").

It is important to note that Defendants deny these claims and they further deny that they owe any penalties to the government or to you, and assert that they have fully complied with all applicable wage and hour laws.  Nevertheless, to avoid further costs and time in defending the lawsuit, Defendants have agreed to settle the case.

Defendants have agreed to pay a total of $1,995,000 (the "Gross Settlement Fund") to settle all claims arising out of the lawsuit.  The Court has approved the PAGA portion of the Settlement, and $130,000 of the Gross Settlement Fund is being paid to resolve the PAGA Claims described below ("PAGA Payment").  $97,500, or seventy-five percent (75%) of the PAGA Payment, will

be paid to the California Labor and Workforce Development Agency, as required by law. $32,500, or twenty-five percent (25%) of the PAGA Payment, will be paid to the PAGA Releasees. The PAGA Releasees will receive a payment representing their pro-rata share of the PAGA Payment (the "PAGA Payment Checks"). A PAGA Releasee's portion of the PAGA Payment is based on the proportionate number of PAGA Pay Periods the PAGA Releasee worked as compared to the total number of PAGA Pay Periods worked by all PAGA Releasees. A "PAGA Pay Period" means the number of pay periods worked by PAGA Releasees for one or more Defendants during the PAGA Settlement Period as regularly recorded on Defendants' payroll system. The "PAGA Settlement Period" means the period beginning on February 14, 2018 through September 1, 2020.

Based on Defendants' records, you [are not a PAGA Releasee and are not eligible to receive a portion of the PAGA Payment **or** you are a PAGA Releasee and had worked ___ PAGA Pay Periods between February 14, 2018 and September 1, 2020 and your estimated share of the PAGA Payment is $___]. If you will receive a PAGA Payment Check, 100% of the PAGA Payment Check is considered penalties and you may be issued an IRS Form 1099 for your share of the PAGA Payment.

Any questions or disagreements regarding your PAGA Pay Periods or the amount of your PAGA Payment Check should be directed to the Settlement Administrator at the address listed in Section 17 below.

## 7.    WHAT ARE THE TERMS OF THE CLASS PORTION OF THE SETTLEMENT?

As stated above, Defendants have agreed to pay a total of $1,995,000 to settle all claims arising out of the Action. After the PAGA Payment, the remainder of the Gross Settlement Fund will be used to pay members of the Class for the settlement and release of the Settled Claims described below, settlement administration costs estimated to be no greater than $22,500, attorneys' fees for Class Counsel estimated not to exceed $665,000, reasonable costs/expenses for Class Counsel not to exceed $15,000, and a "service award" to Plaintiff as the Class Representative not to exceed $5,000. The balance of the settlement (the "Net Settlement Fund") will be distributed to members of the Class who do not timely and properly opt out (the "Plaintiff Class Members"). The Plaintiff Class Members will receive a payment representing their pro-rata share of the Net Settlement Amount (the "Individual Settlement Payments").

A Plaintiff Class Member's Individual Settlement Payment is based on the proportionate number of the Class Pay Periods the Plaintiff Class Member worked as compared to the total number of Class Pay Periods worked by all Plaintiff Class Member. A "Class Pay Period" means the number of pay periods worked by Class Members for one or more Defendants during the Settlement Period as regularly recorded on Defendants' payroll system. The "Settlement Period" means the period beginning on February 14, 2015 through September 1, 2020.

Based on Defendants' records, you had worked ___ Class Pay Periods between February 14, 2015 and September 1, 2020 and your estimated share of the Individual Settlement Payment is $___. 20% of the Individual Settlement Payment will be considered wages, and will be reported on an IRS Form W-2, and 80% of the Individual Settlement Payment will be considered civil penalties and interest, and will be reported on an IRS Form 1099 misc., if required.

| 8. | WHAT DO I NEED TO DO TO RECEIVE A SETTLEMENT PAYMENT? |
|---|---|

You do not need to do anything to participate in the Settlement.  You will be mailed your PAGA Settlement Payment (if applicable) and Individual Settlement Payment from this Settlement approximately 70 days after the Final Approval Hearing on [Date of Final Approval Hearing], if the Court approves the Class Settlement and no appeals are filed. Class Counsel have been appointed and approved by the Court and Class Counsel will represent you.  You also will be bound by the Settlement, including the release of claims stated above.

Upon receipt of your settlement checks, it will be your responsibility to cash the checks before the expiration date of the checks (90 days after mailing).  **You will not be retaliated against for cashing your settlement checks**.  Any funds payable to Plaintiff Class Members and/or PAGA Releasees whose checks are not cashed within 90 days after mailing will be transferred by the Settlement Administrator to a court-approved cy pres beneficiary. The Parties have proposed the First Responders Children's Foundation COVID-19 Emergency Response Fund, an organization that provides financial and other support to COVID-19 first responders, including skilled clinicians at skilled nursing facilities who provide care to COVID-19 patients, and their families, to be the cy pres beneficiary. The failure to cash any check within 90 days after mailing does not affect the binding nature of the Settlement or the binding nature of any release of claims.

You may dispute your Individual Settlement Payment and your share of the PAGA Payment by following the below instructions. Your Individual Settlement Payment award is based on the proportionate number of Class Pay Periods. Your share of the PAGA Payment is based on the proportionate number of PAGA Pay Periods.

The information contained in Defendants' records regarding this information, along with your estimated Individual Settlement Payment and your estimated share of the PAGA Payment, is listed above. If you disagree with the number of Class Pay Periods and/or the number of PAGA Pay Periods, you may submit a written challenge. For the challenge to be deemed valid, it must include: (i) the full name of the person making the challenge; (ii)  a statement that the person seeking the challenge are seeking to challenge his or her estimated Individual Settlement Payment and/or PAGA Payment Check set forth in the Class Notice; (iii) state the number of Class Pay Periods the person seeking the challenge believes he or she has worked between February 14, 2015 and September 1, 2020 and/or the number of PAGA Pay Periods the person seeking the challenge believes he or she has worked between February 14, 2018 and September 1, 2020; (iv) include documentation to support the challenge (such as paystubs, cancelled checks, etc.); and (v) the person seeking the challenge must sign the document. All such challenges must be mailed to the Settlement Administrator at the address listed in Section 17 below with a postmark date on or before [insert date]. Please be advised that the number of Class Pay Periods and PAGA Pay Periods stated in this Notice is presumed to be correct unless the documents you submit prove otherwise. DO NOT SEND ORIGINALS; DOCUMENTATION SENT TO THE SETTLEMENT ADMINISTRATOR WILL NOT BE RETURNED OR PRESERVED.

The Parties and the Settlement Administrator will evaluate the evidence submitted and discuss in good faith how to resolve any disputes submitted by Class Members and/or PAGA Releasees. Defendants' personnel records, including payroll records, will be considered by the

Settlement Administrator and the Parties as the presumptive best evidence of the number of Class Pay Periods and the number of PAGA Pay Periods.

| 9. | HOW DOES THE SETTLEMENT AFFECT MY RIGHTS? |
|----|-------------------------------------------|

The Settlement is intended to settle and fully release and discharge any and all claims against Defendants Kindred Healthcare Operating, LLC, Kindred Rehab Services, LLC, Kindred Rehab Services, Inc., RehabCare Group East, LLC, RehabCare Group East, Inc., American VitalCare, LLC and RehabCare Group of California, LLC, RehabCare Group Management Services, LLC, RehabCare Group, Inc., RehabCare Hospital Holdings, L.L.C., and any of its or their past, present and future direct or indirect parents, subsidiaries, affiliates and any skilled nursing facility clients as to whom any Class Member or PAGA Releasee may have provided services through any or all Defendants as well as each of its or their past, present and future officers, directors, employees, partners, members, shareholders and agents, attorneys, insurers, reinsurers, and any individual or entity which could be jointly liable with any or all Defendants (collectively referred to as the "Released Parties") from any and all PAGA Claims (defined below) and Released Claims (defined below) to the maximum extent permitted by law.

Upon the entry of the Final Approval Order and to the maximum extent permitted by law, Plaintiff and all Plaintiff Class Members (*i.e.*, all Class Members who do not properly opt-out) and all persons purporting to act on the Plaintiff Class Members' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged any and all of the Released Parties of and from all disputes, claims and/or causes of action pleaded or which could have been pleaded arising, in whole or in part, from the facts, claims and/or allegations contained in the Complaint, the First Amended Complaint, the Second Amended Complaint, and/or the PAGA Notice during the Settlement Period, including the following:

   a. Any claims for unpaid wages (including minimum, regular and overtime wages), untimely wage payments both during and at the end of employment, non-compliant meal periods, non-compliant rest periods, non-compliant wage statements, non-compliant recordkeeping, and claims for interest, penalties (including but not limited to waiting time penalties), or premiums in connection therewith, as well as any claims under the Fair Labor Standards Act, the California Labor Code, California Industrial Welfare Commission Wage Orders and corresponding California Code of Regulations, alleged or which could have been alleged based, in whole or in part, on the facts, allegations and/or claims pleaded in the Complaint, the First Amended Complaint or the Second Amended Complaint in this Action or the PAGA Notice;

   b. Any claims for injunctive relief, declaratory relief, restitution, fraudulent business practices or punitive damages alleged or which could have been alleged based, in whole or in part, on the facts, allegations and/or claims pleaded in the Complaint, the First Amended Complaint or the Second Amended Complaint in this Action or the PAGA Notice; and

   c. Any and all other claims under California common law, the California Labor Code including but not limited to the Private Attorneys General Act, the Fair Labor

Standards Act, California Industrial Welfare Commission Wage Orders, corresponding California Code of Regulations, and the California Business and Professions Code alleged in or that could have been alleged under the allegations and/or claims pleaded in Complaint, the First Amended Complaint or the Second Amended Complaint in this Action or the PAGA Notice.

The above claims will be collectively referred to as the "**Released Claims**" or "**Settled Claims**." Plaintiff Class Members will receive an Individual Settlement Payment check containing the following language: "I understand that by cashing, depositing, or otherwise negotiating this check I will be deemed to have opted into *Sarah Stonehocker, on behalf of herself and all others similarly situated, vs. Kindred Healthcare Operating, LLC et al.*, Case No. 4:19-cv-02494-YGR for purposes of the federal Fair Labor Standards Act (FLSA) release to the extent required to do so under applicable law for purposes of the court-approved settlement therein." The Plaintiff Class Members are bound by the release of the Settled Claims in its entirety regardless of whether they cash their Individual Settlement Payment check.

Upon the Court's approval of the PAGA Payment and release of PAGA Claims, but contingent upon entry of the Final Approval Order, Plaintiff and the PAGA Releasees and all persons purporting to act on the PAGA Releasees' behalf or purporting to assert a claim under or through them, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all PAGA claims premised in whole or in part on any of the Settled Claims during the PAGA Settlement Period (collectively, the "**PAGA Claims**"). The PAGA Releasees will not have the opportunity to opt out of, or object to, the PAGA Payment and release of the PAGA Claims set forth in this Paragraph. The PAGA Releasees are bound by the release of the PAGA Claims regardless of whether they cash their PAGA Payment Check.

If you are a member of the Class and you do not elect to properly and timely opt out from the class portion of the Settlement, you will be deemed to have released the above-described Released Claims. However, you will still be bound by the release of the PAGA Claims regardless of whether or not you opt out of the Class or cash your PAGA Settlement Payment. If the entire Settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

## 10.    WHAT IF I DON'T WANT TO PARTICIPATE IN THIS SETTLEMENT?

PAGA Releasees will not have the opportunity to opt out of the PAGA Payment and/or release of PAGA Claims. However, if you do not want to be bound by the remaining terms of the settlement, including receipt of the above Individual Settlement Payment and the above release of the Released Claims, you may exclude yourself ("opt out") by sending written notice of your intention to opt out to the Settlement Administrator at the address listed in Section 17 below.

The opt-out request must be in writing and include (i) your full name; (ii) a statement that you request exclusion from the Class and does not wish to participate in the Class Settlement; and (iii) your signature. *Any opt-out request must be postmarked no later than* **[insert date of the close of the Notice Period].**

10

Should you choose to timely exclude yourself from the class portion of the Settlement, the money that you would have otherwise received from the class portion of the Settlement will be distributed amongst the remaining participating Plaintiff Class Members. However, to the extent you are eligible to receive a portion of the PAGA Payment, you will still receive that amount whether or not you submit an Opt-Out Request. This is because there is no right to be excluded from the release of PAGA Claims that is part of this Settlement.

| 11. | WHAT IF I WANT TO OBJECT TO THIS SETTLEMENT? |

Any member of the Class who has not opted out can ask the Court to deny approval of the settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

You may object to the proposed settlement in writing, except you may not object to the PAGA Payment and release of PAGA Claims. You may also appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must (a) clearly identify the case and number (*Stonehocker v. Kindred Healthcare Operating, LLC et al.*, Case No. 4:19-cv-02494-YGR), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [insert date of the close of the Notice Period].  Class Members who fail to timely mail or file such a written statement of objection shall be foreclosed from making any objection to this Settlement

| 12. | WILL THE NAMED PLAINTIFF BE COMPENSATED FOR BRINGING THIS LAWSUIT? |

Plaintiff will request a service award of up to $5,000 for her service as Class Representative and for her efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to Plaintiff.

| 13. | DO I HAVE A LAWYER IN THIS CASE? |

Yes.  The Court has ordered that the interest of Plaintiff and the Class are represented by counsel for Plaintiff as follows:

MATTHEW D. CARLSON, Bar No. 273242
mdcarlson@mdcarlsonlaw.com
LAW OFFICE OF MATTHEW D. CARLSON
50 Fountain Plaza, Suite 1400, #206
Buffalo, NY  14202
Telephone:  (716) 242-1234

("Class Counsel").  You will not be separately charged for this attorney.  If you want to be represented by your own lawyer, you may hire one at your own expense. If you have questions about the case or the Settlement, you should ask Class Counsel.

## 14.    WHAT IS THE FINAL APPROVAL HEARING?

The Court has approved the PAGA portion of the Settlement and preliminarily approved the class portion of the Settlement.  The Court will hold a hearing to decide whether to give final approval to the class portion of the Settlement.  The purpose of the Final Approval Hearing will be for the Court to determine whether the class portion of the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for enhancement award to Plaintiff.

## 15.    WHEN AND WHERE IS THE FINAL APPROVAL HEARING?

The Court will hold the Final Approval Hearing on [insert date] at [insert time] a.m., in Courtroom 1 on the Fourth Floor of the Ronald V. Dellums Federal Building and United States Courthouse, which is located at 1301 Clay Street, Oakland, CA 94612 ("Final Approval Hearing").

The Final Approval Hearing may be continued without further notice to the Class.  It is not necessary for you to appear at the Final Approval Hearing unless you have timely filed an objection with the Court.  However, you have the right to attend the Final Approval Hearing and be represented by your own counsel at your own expense. If you plan to attend the Final Approval Hearing, you may contact Class Counsel to confirm the date and time.

## 16.    MAY I SPEAK AT THE FINAL APPROVAL HEARING?

At the hearing, the Court will be available to hear any objections and arguments concerning the Settlement.  You may attend, but you do not have to attend.  You may speak at the Final Approval Hearing only if (a) you have timely served and filed an objection, and (b) followed the procedures set forth in Section 11 above to provide notice that you intend to speak at the Final Approval Hearing.  If you opt out from the class portion of the Settlement, however, you may not speak at the Final Approval Hearing.

## 17.     HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Joint Stipulation and Class and Representative Action Settlement Agreement and Release, the Complaints and the PAGA Notice available by contacting Class Counsel at the address or telephone number set forth above, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may also contact the Settlement Administrator at the address and telephone number listed below, toll free. Please refer to the "Stonehocker vs. Kindred Healthcare Operating, LLC Class Action Settlement."

[INSERT NAME AND CONTACT INFORMATION OF SETTLEMENT ADMINISTRATOR]

ALL DISPUTES CONCERNING CLASS PAY PERIODS AND/OR PAGA PAY PERIODS AS WELL AS OPT-OUT REQUESTS MUST BE MAILED TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS LISTED ABOVE. ALSO, ALL QUESTIONS AND INQUIRIES REGARDING ADMINISTRATION OF THE SETTLEMENT MAY BE DIRECTED TO THE SETTLEMENT ADMINISTRATOR.

## 18.     WHAT IF MY INFORMATION CHANGES?

It is your responsibility to keep a current address and telephone number on file with the Settlement Administrator, to ensure receipt of your settlement checks for the Individual Settlement Payment and PAGA Payment Check and applicable tax forms if the settlement is given final approval by the Court. If you change your mailing address, you should promptly contact the Settlement Administrator and provide the Settlement Administrator your new address and contact information.

### DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE